STATE of Missouri, Plaintiff-Respondent,

v.

Delmar COOPER, Defendant-Appellant.

No. 37642.

Missouri Court of Appeals, St. Louis District, Division One.

Nov. 1, 1977.

**262**

Stephen C. Moore, Asst. Public Defender, Clayton, for defendant-appellant.

Paul Robert Otto, Asst. Atty. Gen., John D. Ashcroft, Atty. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., St. Louis, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from his conviction by a jury of robbery first degree by means of a dangerous and deadly weapon and his sentence of life imprisonment imposed by the trial court pursuant to the second offender act, Sec. 556.280 RSMo 1969.

No attack is made on the sufficiency of the evidence so a brief review of the facts will suffice. The evidence supporting the verdict established that defendant entered a drug store and at gunpoint forced the pharmacist to fill two shopping bags with money and controlled substances. The defendant then ordered the pharmacist's teenage son to carry the bags to the pharmacist's car and told the boy he was to accompany defendant in his escape. As soon as defendant left the store, the pharmacist obtained a shotgun and ran to the parking lot, where he fired one shot, wounding defendant. When the police arrived defendant was lying on the ground with his gun in close proximity.

■ Defendant's first two points relate to alleged comments on the evidence by the trial court. We have carefully reviewed both occurrences and find neither to be a comment on the evidence nor prejudicial to defendant. We find no error of law and conclude that an extended discussion of the points would have no precedential value.

■ Defendant's remaining points deal with the trial court's finding that defendant was subject to the provisions of the second offender act. Initially defendant contends that the prior conviction used to invoke the statute was fatally defective because his guilty plea in that case was based upon ineffective assistance of counsel. This contention is based in turn upon an alleged conflict of interest in that his lawyer also represented a co-defendant who was going to testify against defendant. We do not find this case governed by *State v. Cox*, 539 S.W.2d 684 (Mo.App.1976). There is nothing in the record before this court to show that the co-representation had any effect upon defendant's decision to plead guilty, that he was unaware of and did not consent to the dual representation, or that he was in any way prejudiced by such representation. We did not hold in Cox that such dual representation as a matter of law established ineffective assistance of counsel. We held only that under the rather peculiar facts there present Cox was denied effective assistance of counsel. We do not find comparable facts here.

■ Next movant contends that there was insufficient evidence to support application of the second offender act because no evidence was adduced that defendant had been "subsequently placed on probation, paroled, fined or imprisoned" for the offense for which he had earlier been convicted. See Sec. 556.280 R.S.Mo.1969. Defendant's contention is correct. There was no such evidence and the trial court made no finding of punishment. The state argues that we may presume punishment from the conviction. We cannot. Punishment is an element that must be proved to make the second offender act applicable. *State v. Kent*, 375 S.W.2d 40 (Mo.1964) [12].

We are confronted with a novel situation on remand. The trial court, although determining the second offender act was applicable, nevertheless submitted the question of punishment to the jury for an "advisory opinion." The jury assessed punishment at 30 years. The jury was not instructed that

its opinion was advisory only, and for all practical purposes the matter was handled, as far as the jury was concerned, as if the second offender act did not apply. Under *State v. Hill*, 371 S.W.2d 278 (Mo.1963) [7–9], we remand the cause for an evidentiary hearing on the issue of former conviction and punishment of defendant. If at such hearing sufficient evidence is adduced to establish the applicability of the second offender act, the trial court may again set and pronounce sentence pursuant to that statute. If the evidence fails to establish the applicability of the second offender act, then the court shall set and pronounce sentence as provided in cases where the jury has determined punishment, and shall treat the advisory finding of the jury as such a determination.

Judgment reversed and cause remanded for further proceedings in accordance with this opinion.

CLEMENS, P. J. and DOWD, J., concur.