Murray HARRIS, Appellant,

v.

STATE of Missouri, Respondent.

No. 42373.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 28, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 12, 1980.

Andrew S. Meyer, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Lew A. Kollias, Asst. Attys. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Movant appeals from the denial, after an evidentiary hearing, of his Rule 27.26 motion. Movant had sought to vacate his conviction by a jury of the offenses of illegal delivery of a Schedule II controlled substance and illegal possession of a Schedule II controlled substance. Movant had been sentenced by the court under the Second Offender Act to serve concurrent terms of seven years on the delivery charge and five years on the possession charge. The facts and prior history of movant's case are set forth in two previous direct appeals, *State v. Harris*, 541 S.W.2d 686 (Mo.App. 1976) and *State v. Harris*, 564 S.W.2d 561 (Mo. App. 1978).

In his 27.26 motion, movant's primary contention for relief is based upon an alleged conflict of interest involving his trial attorney. At the same time movant was charged with delivery and possession, one of the other persons arrested in the same incident, Naomi Jeffords, was separately charged with possession. It is undisputed

that movant and Jeffords went together to an attorney who had dealt with movant before, and that movant retained and paid this attorney to represent both himself and Jeffords. Movant now contends that his attorney offered ineffective assistance of counsel because the attorney represented both movant and Jeffords in regard to the separate charges arising from the same incident. Movant argues that the attorney's failure to explain the possible conflict of interest that might arise from the dual representation and the attorney's failure to call Jeffords as a witness at his trial resulted in prejudice to him at trial.

█ Although it often raises the potential for a conflict of interest, a dual representation does not as a matter of law establish ineffective assistance of counsel. *State v. Cooper*, 559 S.W.2d 261 (Mo.App. 1977). Further, it is clear that a defendant can voluntarily consent to a dual representation. *Davis v. State*, 573 S.W.2d 736 (Mo. App. 1978).

█ Here, we find that the trial court's determination that counsel was not ineffective because of the dual representation is not clearly erroneous. Although the facts of the trial are more fully set out in *State v. Harris*, 564 S.W.2d 561 (Mo.App. 1978), we note that two police officers gave eyewitness testimony at trial as to facts sufficient to make a case against movant on both the counts for which he was charged. At the 27.26 hearing, movant's trial lawyer testified that before he agreed to represent movant and Jeffords, he had explained to them that if he represented both of them he would not permit Jeffords to testify if movant's case went to trial first. He stated that in regard to who should testify at movant's trial, he had talked with movant in terms of trial strategy rather than conflict of interest, and that he did not discuss with movant a possible conflict of interest. The attorney also indicated that movant was concerned because in a previous instance witnesses had turned on him, and that movant therefore sought the dual representation in this case partly to prevent such an occurrence with Jeffords. It was

decided that one of the other passengers in the car, Debbie Warren, would be called to support movant's contentions that he did not know the drugs were in the car, and that the drugs were solely in Jeffords' possession.

Jeffords testified at the 27.26 hearing that movant was unaware of the presence of the drugs in the car, but that movant was the original source of the drugs. She also testified that at the time of the arrest, she was living with movant and that he had furnished her with drugs on other occasions. In addition, she stated that she was told before movant's trial to stay somewhere else so that she would not be subpoenaed, because "they did not want the Circuit Attorney to find me to be a witness."

Movant testified at the hearing, admitting that he had retained the lawyer to represent both himself and Jeffords, but denying that they had discussed whether Jeffords would be used as a witness if movant's trial was first. Movant testified, however, that he first desired to call Jeffords after the credibility of his witness, Debbie Warren, had been impeached on an unrelated matter.

We believe that the record clearly reveals that movant consented to the dual representation, that he knew Jeffords would not be called as a witness if his trial was first, and that there were compelling reasons why movant wanted the same lawyer to represent both himself and Jeffords. It further appears that it was a designed trial strategy not to call Jeffords as a witness, and that movant wanted to change this strategy only after he felt that the credibility of Warren had been impaired on cross-examination by the state.

█ In his *pro se* brief, movant argues that his counsel failed to enter Jeffords' guilty plea hearing into the transcript on appeal because it would have incriminated counsel, and that the detectives' testimony at trial was perjured. These points were not presented in movant's 27.26 motion and

therefore are not reviewable. *Maggard v. State*, 471 S.W.2d 161, 162 (Mo. 1971).

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.