Carl LOWERY, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 12699.

Missouri Court of Appeals,
Southern District, Division One.

April 19, 1983.

Robert P. Baker, Sarcoxie, for movant-appellant.

John D. Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

1. Rules are Missouri Rules of Court, V.A.M.R.

GREENE, Chief Judge.

Movant, Carl Lowery, was jury-convicted and sentenced to life imprisonment, as a second offender, for the crime of robbery in the first degree. His conviction was affirmed by this court. *State v. Lowery,* 565 S.W.2d 680 (Mo.App.1978).

The basic facts of the events which led to the filing of the robbery charge are that 1) Lowery, David Russell, and several other inmates of the Jasper County jail were being transported back to the jail after receiving medical treatment at a Webb City clinic; 2) en route, Russell seized a .357 Magnum revolver carried by the bus driver, Deputy Sheriff Paul James; 3) James was subdued and handcuffed; 4) Russell gave the gun to Lowery, and then drove the van to a vacant house in Jasper County near the Kansas line; 5) During the ride, Lowery pointed the gun at Deputy James' head, and said, "How do you like that, you son-of-a-bitch?"; 6) At the vacant house, James' wallet containing $28 was removed from his back pocket (Lowery was pointing the pistol at James and James was in fear of harm when his wallet was taken); 7) Lowery and Russell then escaped in the van.

Lowery filed a pro se motion to vacate his sentence, as authorized by Rule 27.26,[1] counsel was appointed for Lowery, and the motion was amended. The motion charged ineffective assistance of counsel at trial, contending 1) that because of a conflict of interest, defense counsel refused and failed to call Russell as a witness for Lowery, and 2) that his defense attorney did not consult with him prior to trial, and therefore could not have prepared a proper defense. An evidentiary hearing was held, after which the trial court made findings of fact and conclusions of law and denied the relief sought. This appeal followed.

Lowery's first point relied on is:

"The court below erred in finding that the prejudice to movant's right to effective counsel, arising out of the simultaneous representation of both the movant and a desired witness, was in effect obvi-

ated by the movant's inability to predict what that testimony would have been and to demonstrate how that testimony would have benefitted him, in that such a finding placed upon the movant a burden of proof which, in circumstances wherein the conflict itself was clearly established, it was the state's burden to show that movant was not prejudiced."

On this issue, the trial court found:

"Movant's first point in his amended motion pursuant to Rule 27.26 states that because of a conflict of interest, unconsented to by movant, his trial attorney failed and refused to call as a witness on behalf of movant one David Russell, a witness vital to movant's theory of defense, who was available (to the best of movant's knowledge and belief) and whose testimony would have exonerated movant. Such conflict of interest lay in the simultaneous legal representation of both movant and the said Russell by the Public Defender of Jasper County, Missouri. Movant testified that he believed that the testimony of David Russell would have been helpful to him. However on cross-examination, he admitted that he did not know prior to trial what the witness David Russell was going to say. William Fleischaker, movant's attorney at trial, testified that he was aware, of course, of the existance [sic] of David Russell but felt that David Russell could add no evidence or testimony that would have been in any way beneficial to the defendant. He believed that had David Russell taken the stand, he would have either invoked his fifth amendment right or testified to his participation in the robbery as well as to the movant's participation in the robbery. It was also stipulated by both parties at the 27.26 hearing that Instruction No. 6 which was given at the time of the trial and the law in the State of Missouri at that time, stated that if defendant acted alone or in concert with another participant in the crime, then he too was guilty. It is the court's opinion that movant fails on this point in that he provided no evidence at the hearing which would show that David Russell's testimony would have been helpful to him or would have turned up something which would have aided or improved his position. It is also the court's opinion that Mr. Fleischaker acted prudently in not calling David Russell to the stand in his defense when he had no information that would lead him to believe that Mr. Russell would have been beneficial to his defense and in all probability would have been detrimental in that another participant would have corroborated the State's case. The point is ruled against movant."

 Simultaneous or joint representation is not presumed to create a conflict or to violate defendant's sixth amendment right to effective counsel. *Harris v. State*, 609 S.W.2d 723, 724 (Mo.App.1980). The record indicates that the reason Russell was not called as a defense witness by Lowery's public defender counsel was that there was no way that his testimony would have aided Lowery's defense and, in fact, could have hurt it. This was a matter of trial strategy, and did not amount to ineffective assistance of counsel. Lowery has not shown where the testimony of Russell would have aided him, and has not shown that the failure to call Russell was based on any consideration for Russell's welfare. The findings of the trial court on this issue are not clearly erroneous. Rule 27.26(j). The point is denied.

Lowery's remaining point is that his defense counsel was ineffective because he did not spend enough time in case preparation and in consulting with Lowery before trial. On this issue, the trial court found:

"Movant further claims that no attorney acted on his behalf, consulted with him at any time prior to the date of his trial, and that such short consultation as his attorney did have with the movant immediately before and on the day of trial, was insufficient to prepare his counsel to present a defense comporting with due process of law. The movant testified during the hearing that at no time prior to the day of the trial did he speak with or consult with any attorney in the Public

Defender's office, including William Fleischaker. Mr. Fleischaker testified during the time in which he was Public Defender, he always spoke with and prepared his case with the defendant prior to trial. He further stated that he did not always do so at the county jail, but at times conversed with them concerning their case when they were brought to the courthouse for various reasons. He also testified that he had spoke [sic] with the defendant while at the county jail that such contact would probable [sic] be recorded in statements of his travel expenses which were portioned between various defendants and sent to the State. The court notes that all invoices processed for the 29th Circuit Public Defender's office between July 1, 1975 through June 30, 1976 do not contain any reference to the defendant, Carl Lowery. It is the court's opinion that movant fails on this point in that the effectiveness of a lawyer cannot be measured by the time spent with a client and that the movant has failed to show that additional time was needed for his defense. Movant presented no evidence to show that had Mr. Fleischaker spent additional time, his defense would have been in any way improved or a substantial liklihood [sic] that the outcome would have changed or the outcome would have been different. Movant has therefore failed to show in any way that he has been prejudiced by the amount of time spent by Mr. Fleischaker with respect to said trial.

Furthermore, a reading of the transcript shows that Mr. Fleischaker was adequately prepared and effectively represented said movant at said time of trial."

 Lowery had the burden of proving that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would have exercised under similar circumstances, and that he was prejudiced thereby. *Owens v. State,* 610 S.W.2d 706, 707 (Mo.App.1981). A review of the record conclusively shows that Lowery failed to maintain his burden of proof. The findings of the trial court on this point were not clearly erroneous. The point is denied.

Judgment affirmed.

FLANIGAN, P.J., and TITUS and CROW, JJ., concur.