**Robert SANDERS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 69024.

Supreme Court of Missouri,
En Banc.

Oct. 13, 1987.

Rehearing Denied Nov. 17, 1987.

Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Timothy W. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Chief Justice.

Robert Sanders was denied post-conviction relief under Rule 27.26 from his first degree robbery conviction and sentence, as a persistent offender, to life imprisonment.

The trial court conducted an evidentiary hearing on Sanders' multiple averments of ineffective assistance of counsel and made findings of fact and conclusions of law rejecting the claims. The Missouri Court of Appeals—Eastern District, reached an opposite view on one of the ineffective assistance charges and reversed the judgment and ordered a new trial. This Court granted transfer and affirms the judgment of the trial court.

The Sixth Amendment guarantees the right to effective assistance of counsel. And, while this allegation is commonly found in proceedings attacking both guilty pleas and trial convictions, a movant is faced with what has often been called a "heavy burden". *Jones v. State*, 598 S.W. 2d 595, 597 (Mo.App.1980). Not only must the movant prove his allegation by a preponderance of the evidence, but the "heavier burden" arises from a presumption that counsel is competent. *See Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984); *Seales v. State*, 580 S.W.2d 733, 735 (Mo. banc 1979). In determining the issue of ineffective assistance of counsel, the trial court is free to believe or disbelieve evidence—contradicted or undisputed. *See Jones*, 598 S.W.2d at 597. And, appellate review of the trial court's decision in ruling a Rule 27.26 proceeding is expressly "limited to a determination of whether the findings, conclusions, and judgment of the trial court are *clearly erroneous.*" (Emphasis added.) Rule 27.-26(j); *Futrell v. State*, 667 S.W.2d 404, 405 (Mo. banc 1984). Such findings and conclusions are deemed clearly erroneous only if, after a review of the entire record, the appellate court is left with the "definite and firm impression that a mistake has been made." *Stokes v. State*, 688 S.W.2d 19, 21 (Mo.App.1985).

In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was thereby prejudiced. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Seales*, 580 S.W.2d at 736. A criminal defendant must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim. In reviewing such a claim, courts are not required to consider both prongs; if a defendant fails to satisfy one prong, the court need not consider the other. And, a court need not determine the performance component before examining for prejudice. If it is easier to dispose of the claim on the ground of lack of sufficient prejudice, the reviewing court is free to do so. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069 (emphasis added).

> Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Id.*

Before Sanders' trial, Denise Irona was identified as the woman involved in the armed robbery of the jewelry store and she was also charged with the crime. Evidence at Sanders' trial was that a black man and a black woman committed the armed robbery of the jewelry store. Two witnesses, store employees, identified Sanders as the gunman. Sanders presented an alibi defense but did not testify. *After* Sanders' trial and conviction Irona entered a plea of guilty to the robbery.[1] Sanders contends the trial court erred in concluding that his trial counsel had not been ineffective in failing to adequately investigate Irona, his co-defendant.

While the right to counsel is the right to effective assistance of counsel, *Strickland*, 466 U.S. at 686, 104 S.Ct. at 2063, it is not the right to acquittal. The *Strickland* court described the issue of ineffective assistance of counsel:

> The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process

---

1. The court of appeals' opinion erroneously recites that "at the time of Sanders' trial, Denise Irona was in custody and had pled [sic] guilty to the robbery charges."

that the trial court cannot be relied on having produced a just result.

*Id.* This benchmark has two components: (1) the performance by trial counsel and, (2) the prejudice resulting from the attorney's breach of duty. *See id.* at 687, 104 S.Ct. at 2064.

The Supreme Court has described the performance component. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Id.* The defense attorney must act *reasonably* within prevailing professional norms under all the circumstances. *See id.* at 688, 104 S.Ct. at 2064. A *reasonableness* standard is used by the court to avoid specific rules that could not apply in all situations. *See id.* at 688–89, 104 S.Ct. at 2064–65. *Reasonably* effective assistance may be defined as "the skill and diligence that a *reasonably* competent attorney would exercise under similar circumstances." *Thomas v. Lockhart,* 738 F.2d 304, 307 (8th Cir.1984), quoted in *Kellogg v. Scurr,* 741 F.2d 1099, 1100 (8th Cir.1984) (emphasis added).

When examining the reasonableness of a defense attorney's actions, it is necessary to be deferential to his decisions.

It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.

*Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. The court must act "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* For these reasons, there is a strong presumption that the attorney's conduct was proper.

Because of the difficulties inherent in making the evaluation, a court must indulge *a strong presumption* that counsel's conduct falls within the wide range

of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." (Emphasis added.)

*Id. See Jackson v. State,* 672 S.W.2d 367 (Mo.App.1984); *Wallace v. Lockhart,* 701 F.2d 719, 726 (8th Cir.), *cert. denied,* 464 U.S. 934, 104 S.Ct. 340, 78 L.Ed.2d 308 (1983).

In describing the defense attorney's duty to investigate, the *Strickland* court said:

[C]ounsel has a duty to make *reasonable* investigations or to make a *reasonable* decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for *reasonableness* in all the circumstances, applying a heavy measure of deference to cousel's judgment. (Emphasis added)

466 U.S. at 691, 104 S.Ct. at 2066; *See also Beans v. Black,* 757 F.2d 933, 936 (8th Cir.), cert. denied, 474 U.S. 979, 106 S.Ct. 381, 88 L.Ed.2d 334 (1985). Investigation need only be adequate under the circumstances. *See Abrams v. State,* 698 S.W.2d 15, 18 (Mo.App.1985). In particular, the reasonableness of a decision not to investigate depends upon the strategic choices and information provided by the defendant. When counsel knows generally the facts that support a potential defense, "the need for further investigation may be considerably diminished or eliminated altogether." *Strickland,* 466 U.S. at 691, 104 S.Ct. at 2066. The selection of witnesses and the introduction of evidence are questions of trial strategy and the mere choice of trial strategy is not a foundation for finding ineffective assistance of counsel. *Franklin v. State,* 655 S.W.2d 561, 565 (Mo.App. 1983). Only rarely does a court find that failure to interview witnesses is sufficient to justify the finding of ineffective assistance of counsel. *Plant v. Wyrick,* 636 F.2d 188, 189 (8th Cir.1980).

Even before the *Strickland* decision, Missouri courts recognized that in some cases it is reasonable for defense counsel not to conduct investigations of and inter-

views with witnesses and that each case is to be judged under its own specific circumstances. *See, e.g., Aikens v. State,* 549 S.W.2d 117, 121 (Mo.App.1977). Moreover, in some circumstances, a defense counsel's decision not to interview some witnesses suggested by the defendant is a matter of trial strategy and within the counsel's professional judgment. *See, e.g., Sweazea v. State,* 588 S.W.2d 244, 246 (Mo.App.1979).

▮ Here, Sanders' retained counsel received her license to practice law in 1979. She had served as an assistant prosecuting attorney from 1979 through 1981. Since 1981 she has been in private practice and at least one-third of her practice was in the criminal area. At the evidentiary hearing in this post-conviction proceeding counsel testified that in defending Sanders she considered it important not to connect Sanders and Irona in any way. A link had been established between Sanders and Irona through a reference to Irona in an address book seized from Sanders after his arrest, but defense counsel was successful in suppressing the address book from evidence.

Sanders testified that he asked his counsel to interview Irona. He stated that he was not acquainted with her and that he believed she would testify that he did not participate in the robbery. After being asked to interview Irona, defense counsel did talk to her by telephone.[2] Evidently no information beneficial to Sanders was obtained during this conversation. Counsel decided not to follow up this initial conversation with a formal interview because she seriously doubted that Irona would offer testimony to exonerate Sanders because Irona and Sanders were not talking and Irona wanted to distance herself from Sanders. Further, defense counsel believed that even if Irona did have information helpful to Sanders, Irona's lawyer would not permit her to testify at Sanders' trial because her case was still pending. When defense counsel informed Sanders of the decision not to further interview Irona, Sanders "didn't seem to care one way or

the other or didn't want to have anything to do with her. They had some kind of on-going battle as I understand it." Believing that further discussion with Irona would be fruitless and that any link between Irona and Sanders could only be damaging to the latter's case, defense counsel decided to continue her strategy of preventing any connection between the two co-defendants. Pursuant to this strategy she decided not to call Irona as a witness at Sanders' trial.

The facts of this case are similar to the facts in *Lowery v. State,* 650 S.W.2d 692 (Mo.App.1983). In *Lowery,* the movant testified at his Rule 27.26 hearing that he believed that the testimony of his co-defendant would have exonerated him. Movant's counsel at trial testified that he knew of the existence of the co-defendant at the time of movant's trial but believed that he would either invoke the Fifth Amendment and refuse to testify or testify that movant had fully participated in the offense. Based on this belief, movant's counsel decided not to call the co-defendant to testify at movant's trial. *See id.* at at 694. Counsel apparently never actually asked the co-defendant what his testimony would be or whether he would invoke the Fifth Amendment. The trial court held that movant's counsel had not been ineffective and the court of appeals affirmed. *See id.* at 694–95.

Also similar to this case is *Sweazea v. State,* 588 S.W.2d 244 (Mo.App.1979). In *Sweazea,* movant asserted that his counsel was ineffective in failing to interview two witnesses whose names movant had disclosed. Although movant did not inform his counsel as to the substance of their testimony, he did apparently say that they were alibi witnesses. *See id.* at 246. Affirming the trial court's determination that movant's counsel had not been ineffective, the court of appeals stated that counsel's decision not to interview the alibi witnesses was an exercise of reasonable trial strategy. *See id.*

---

**2.** The court of appeals' opinion fails to acknowledge counsel's telephone call to and conversa-

tion with Irona.

Additionally, a recent federal case, *Mitchell v. Kemp*, 762 F.2d 886 (11th Cir. 1985), *cert. denied,* ——— U.S. ———, 107 S.Ct. 3248, 97 L.Ed.2d 774 (1987), is worth noting. In *Mitchell,* a habeas corpus petitioner contesting his death sentence contended that his trial counsel had been ineffective in making no attempt to interview any potential witnesses who might have provided mitigating evidence at the sentencing stage of his trial. Petitioner claimed that if his counsel had investigated his background he would have discovered powerful mitigating evidence. During meetings with petitioner, counsel did question him in detail about his background. Counsel asked about family, friends, or school teachers who might be character witnesses for him. Counsel thought petitioner was very open with him in answering these questions. *See id.* at 888.

Despite being discouraged by petitioner from contacting his family, counsel twice telephoned petitioner's father. After the two conversations with petitioner's father, during which he seemed indifferent toward aiding his son, counsel believed that there was no possibility of finding out anything from the family which would be beneficial to petitioner's defense. Counsel talked with no other family member and no other potential mitigation witnesses. Concluding that any mitigating evidence concerning petitioner's character would be completely outweighed by evidence of petitioner's prior conviction for attempted robbery, counsel decided not to present any witnesses to address petitioner's character. *See id.* at 888–89. Holding that petitioner's counsel's decision not to pursue an investigation independent of petitioner or his father was reasonable, the court of appeals affirmed the district court's conclusion that petitioner's counsel had not been ineffective. *See id.* at 890.

In *Lowery, Sweazea,* and *Mitchell,* defense counsel decided not to investigate potential witnesses based on unconfirmed beliefs that these particular witnesses would provide no information or testimony beneficial to their clients. Under the particular circumstances of each case, courts found that these beliefs were reasonable and held that the decisions not to investigate did not constitute ineffective assistance of counsel.

As in the three cases discussed above, counsel's decision in this case not to extensively question Irona in a formal interview was based on an unconfirmed belief that Irona either would not provide testimony helpful to Sanders or would not be permitted by her lawyer to testify. This belief by counsel here, just as the counsel's beliefs in *Lowery, Sweazea,* and *Mitchell,* was reasonable under the circumstances and was not clearly beyond the bounds of prevailing professional norms. Given the apparent hostility existing between Sanders and Irona, it was not unreasonable for counsel to think that Irona would not offer testimony which would aid Sanders. Given that Irona's own trial was still pending, counsel's belief that her lawyer would not allow her to testify at Sanders' trial was also not unreasonable. Further, counsel here, by talking with Irona for even a short time, exercised even greater diligence in investigating this case than did counsel in *Lowery, Sweazea,* and *Mitchell.*

The trial court's determination that defense counsel's decision not to further interview Denise Irona or call her as a witness was a matter of trial strategy is not clearly erroneous and a conclusion with which this Court agrees. Because movant Sanders failed to carry his burden of the first, or performance, prong of *Strickland,* that failure, standing alone, forecloses the charge of ineffective assistance of counsel as to Denise Irona. However, because the court of appeals' opined prejudice resulted, this Court will briefly address the prejudice prong of *Strickland* as applied to this case.

■ Movant's testimony and the evidence at the hearing do not offer a scintilla of evidence that prejudice resulted from counsel's decision to forego further interview of Denise Irona. Movant's assumptions and speculations as to what Denise Irona might or could have testified to falls far short of the prejudice prong of *Strickland* because movant does not demonstrate the purported testimony of Denise Irona

would have resulted in a different outcome at trial. As stated in *Smith v. State*, 684 S.W.2d 520, 523 (Mo.App.1984), where the movant had alleged his counsel had been ineffective because of failure to interview a potential witness:

> [A]ppellant must show that the witness's testimony would have proven helpful to the appellant. This appellant has failed to show what the substance of [this witness's] testimony would have been and how it would have aided his defense.

The dual burden of *Strickland* constitutes an insurmountable barrier to movant's remaining claims of ineffective assistance of counsel. The trial court carefully examined each of movant's contentions and concluded they also fell within the field of trial strategy. The Court agrees and adds movant also failed the prejudice component of *Strickland* as to his remaining allegations of ineffective assistance of counsel.

Judgment affirmed.

ROBERTSON, RENDLEN and HIGGINS, JJ., concur.

BLACKMAR, J., concurs in separate opinion filed.

DONNELLY, J., dissents in separate opinion filed.

WELLIVER, J., dissents and concurs in separate dissenting opinion of DONNELLY, J.

BLACKMAR, Judge, concurring.

For me the next to the last paragraph of Chief Justice Billings' opinion should be emphasized. In numerous recent cases 27.-26 movants have complained about trial counsel's failure to interview witnesses. As a minimum and before there is need to consider questions of trial strategy the movant must show in some manner that the suggested witness would have been able to provide helpful testimony. This record does not show anything by testimony or affidavit about what the prospective witness would say.

I agree that the judgment must be affirmed.

DONNELLY, Judge, dissenting.

The Constitution of Missouri provides "[t]hat in criminal prosecutions the accused shall have the right to appear and defend, in person *and by counsel * * *.*" Mo. Const. art. I, § 18(a) (emphasis added). This constitutional provision was intended to assure a person accused in Missouri "that fair and impartial trial guaranteed by the letter and the spirit of the Constitution and laws of our State." *State v. Bunton,* 312 Mo. 655, 662, 280 S.W. 1040, 1042 (1926).[1]

The essential issue in this case is whether appellant was accorded *a fair and impartial trial.*

I would reverse the judgment and remand the cause with directions that the trial judge review the transcript of the trial, consider the evidence adduced at the evidentiary hearing, and, on the basis of all the facts and circumstances of the case, decide the issue by stating only whether, in his opinion, the accused was denied *a fair and impartial trial.* If aggrieved by that determination, the accused could appeal and the entire record could again be reviewed and a decision rendered as to whether the conclusion of the trial judge was clearly erroneous.

I respectfully dissent.

---

**1.** This right has been protected in Missouri since its territorial days. *See* Digest of the Laws of the Missouri Territory, 1818, Crimes and Misdemeanors, § 35.