Emmet Jason HYDE,
Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 54717.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 24, 1989.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Feb. 28, 1989.

Application to Transfer Denied
April 18, 1989.

Elizabeth R. Brown, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted by a jury of five counts of first degree deviate sexual assault, § 566.070, RSMo 1986, and five counts of second degree deviate sexual assault, § 566.080, RSMo 1986, and sentenced to ten years on each first degree count, the sentences to run concurrently; and terms of five years on each second degree count, the sentences to run concurrently with each other and consecutively to the sentences for the first degree counts. We affirmed his convictions on appeal. *State v. Hyde*, 735 S.W.2d 746 (Mo.App.1987).

In his Rule 27.26 motion as amended by his appointed counsel, movant raised various claims that his trial counsel was ineffective for failing to investigate and for failing to challenge the validity of his prior conviction for child molestation. The motion court made extensive findings of fact and conclusions of law denying movant's motion.

As his sole point on appeal, movant contends the motion court erred in denying his claim that his trial counsel "failed to contact essential witness [proprietor] where as such a failure [by] counsel constituted ineffective assistance of counsel...." Proprietor was a woman movant lived with who employed him as a manager at Janice's Tavern in Jennings, Missouri.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court is not required to believe the testimony of a movant or any other witness at a Rule 27.26 hearing, and an appellate court must defer to the motion court's determination of credibility. The movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Armour v. State*, 741 S.W.2d 683, 688 (Mo.App.1987).

To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A decision not to call a witness to testify is a matter of trial strategy that is virtually unchallengeable. *Sanders v. State*, 738 S.W.2d 856, 858 (Mo. banc 1987).

Movant's trial counsel testified at the evidentiary hearing that he talked with proprietor three times before trial, endorsed her for trial, and that she was present at the trial. He further testified that he advised movant not to call proprietor as a witness because her testimony would be cumulative and her appearance and manner would be detrimental to the image they were trying to create of movant being in a marital-like relationship with proprietor. He testified that movant and he mutually agreed not to call proprietor as a trial strategy.

Movant testified that his trial counsel had contacted proprietor before trial: "Yeah, he said he had talked to her but she—he doesn't think she would be a good witness—because of her clothes or some-

thing; the funny way—the funny way she dressed, that's what it was." He testified he wanted proprietor to testify despite the fact trial counsel felt her testifying at trial would be detrimental.

The motion court chose to believe movant's trial counsel: "This court finds that [movant's trial counsel] did interview [proprietor] and in fact talked to her several times, had brought her into the courthouse to be ready to testify, but out of trial strategy decided not to use her as a defense witness...."

The findings and conclusions of the motion court denying movant's Rule 27.26 motion are not clearly erroneous.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.