**Donnell WOODS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 56476.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 19, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 17, 1990.

Application to Transfer Denied
Feb. 13, 1990.

David C. Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant, Donnell Woods, appeals the denial of his Rule 24.035 motion without an evidentiary hearing. We affirm.

On September 29, 1986, movant pled guilty to two counts of robbery in the first degree, RSMo § 569.020 (1986) and two counts of armed criminal action, RSMo § 571.015 (1986). The State recommended ten year sentences on each count to run concurrent with each other but consecutive to a fifteen year sentence movant had received three days earlier in the City of St. Louis on similar charges. The court adopted the State's recommendation.

On June 28, 1988, movant filed his Rule 24.035 motion alleging that the State failed to honor a plea bargain agreement whereby the sentences in the county and the city would run concurrent with each other rather than consecutively. An amended motion was filed by movant's court-appointed attorney on September 16, 1988. The motion court denied movant's Rule 24.035 motion without an evidentiary hearing and this appeal followed. We affirm.

In order to be entitled to an evidentiary hearing on a 24.035 motion, movant must allege: facts, not conclusions, warranting relief; those facts must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant. *Chapman v. State,* 720 S.W.2d 17, 18 (Mo.App., E.D.1986). This court's review of the motion court's findings is limited to determining whether its findings and conclusions are clearly erroneous. *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987); Rule 24.035(j).

Movant claims that the motion court erred in not finding that the State failed to honor the terms of a plea agreement. Movant claims that the plea bargain called for his fifteen year sentence received in the City to be concurrent, not consecutive, to the term received in the County. At his plea hearing, the following exchange occurred:

THE COURT: And the State's recommendation, please?

MR. MEHAN: The State's recommendation, Judge, conveyed to defense counsel, has been the State would recommend ten years concurrent on Counts I, II, III, and IV, all running concurrent with one another, consecutive to the years the defendant received in the City of St. Louis on Friday of last week.

CONTINUED EXAMINATION OF THE DEFENDANT BY THE COURT:

Q. Very well. Sir, is this your understanding of what the State's recommendation is?

A. Yes, ma'am.

Q. Has anyone, sir, made any promises to you, except for what the State recommended?

A. No.

The motion court held that "the record shows that at the time of the plea and sentence movant knew he was to receive consecutive sentences." As movant's claim is refuted by the record, we do not find this to be clearly erroneous.

Affirmed.

REINHARD and CRIST, JJ., concur.