**Erman Clyde JAY, Jr.,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 16435.**

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 21, 1990.

Brian P. Taylor, Taylor & Taylor, Neosho, for movant-appellant.

William L. Webster, Atty. Gen., Andrea K. Spillars, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

Erman Clyde Jay, Jr. appeals from the denial, after evidentiary hearing, of his motion to vacate his convictions of the crimes of sale of methamphetamine and sale of marijuana for which convictions Jay received concurrent 25–year imprisonment sentences. We affirm.

Jay was jury-tried and convicted of the two crimes in 1985. His convictions and sentences were affirmed by this court after direct appeal. *State v. Jay*, 724 S.W.2d 293 (Mo.App.1987).

On July 6, 1987, Jay, as authorized by Rule 27.26,[1] filed a motion to vacate his convictions and sentences which motion, after amendment, alleged, among other things not relevant here because not preserved for appellate review, that his trial counsel was ineffective in 1) failing to present an entrapment defense, and 2) making an unwarranted closing argument relative to what sentence the prosecuting attorney was seeking should Jay be found guilty, and 3) in comparing Jay's trial with that of Jesus Christ.

Following an evidentiary hearing, the motion court made findings of fact and conclusions of law as required by Rule 27.26(i), and denied relief. This appeal followed.

In its findings and conclusions, the motion court found that the decision not to present evidence on Jay's behalf was a matter of trial strategy which decision was made after numerous discussions between Jay and trial counsel, and that the jury argument concerning the severity of Jay's sentence, if he was found guilty, was also a matter of trial strategy. The motion court made no specific finding concerning trial counsel's comparison of Jay's trial with that of Jesus, but did find that trial counsel was an experienced criminal defense attorney, and that his representation of Jay was competent, reasonable, and prudent. The motion court concluded that Jay failed to

---

1. Rule 27.26 was repealed effective January 1, 1988. Page 142, Missouri Rules of Court (19th ed.1988). The instant proceeding continues to be governed by Rule 27.26, as the sentences were pronounced prior to January 1, 1988, and movant's motion under Rule 27.26 was pending prior to January 1, 1988. Rule 29.15(m), Missouri Rules of Criminal Procedure (19th ed. 1988).

prove by the preponderance of the evidence that his trial counsel was ineffective, and based on such conclusion, denied relief.

Our review is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 27.26(j). In order to prevail on a claim of ineffective assistance of counsel, movant must show not only that his attorney failed to exercise the skill and diligence that a reasonably competent attorney would exercise under similar circumstances, but must also prove that because of his attorney's deficient performance, he was prejudiced. *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987). Jay did not meet his burden of proof.

■ Jay first contends that his trial counsel was ineffective because he failed to introduce any evidence on the issue of entrapment. Entrapment occurs when a law enforcement officer or an agent acting for the police induces the accused to engage in conduct of a criminal nature in which he was not ready and willing to engage. *State v. King,* 708 S.W.2d 364, 367 (Mo. App.1986). Jay did not testify at the evidentiary hearing, and did not tender any evidence on the issue. It is hard to understand how one could present an entrapment defense without testimony from the one claiming to be entrapped. At the evidentiary hearing, trial counsel was called as a witness by the State and testified, "And at one point during the trial [Jay] indicated he was going to testify. So, I tried the case accordingly, and then, he pulled the rug out from underneath me, and said he wasn't going to testify. And the final analysis was he said he wasn't going to testify." Trial counsel could not have presented an entrapment defense without the testimony of Jay.

■ Jay also argues that during his trial counsel's closing argument, counsel incorrectly stated that the prosecutor was recommending that Jay receive a 40–year prison sentence, which reference probably caused the jury to increase the severity of the sentence imposed. During closing argument, the prosecutor stated, " 'It's now my opportunity to tell you what the State is recommending in this case. The State is recommending on both counts 20 years in the Division of Corrections.' " In response, defense counsel, in closing argument, said, " 'Ladies and gentlemen of the jury, I guess I've heard everything now. You have the Prosecuting Attorney saying that he's recommending, I guess, 40 years. I don't know if it's 20 on each count for a total of 40, or ten on each count with a total of 20. It doesn't make any difference. It's not justified in this case.' "

Jay offered no evidence on this issue at the evidentiary hearing. Trial counsel testified that it was unclear to him what the prosecutor meant by his remark concerning "20 years," as such could have meant either 20–year concurrent sentences or 20–year consecutive sentences, and that regardless, defense counsel was trying to convey to the jury that either version would result in punishment too severe considering the circumstances of the case. We do not see how the statements in question by defense counsel could constitute ineffective assistance of counsel, or how such statements could have possibly prejudiced Jay.

■ Finally, Jay claims that his trial counsel's comparison during closing argument of Jay's trial with that of Jesus Christ was ineffective assistance, as such comparison inflamed the jury against Jay, which probably increased the severity of his sentence. Jay did not raise such issue in his original pro se motion or in its amendment by court-appointed counsel. Since the issue was not raised in the motion to vacate, and no specific ruling was made by the motion court, there is nothing to review on appeal. *Willis v. State,* 630 S.W.2d 229, 232 (Mo.App.1982).

Jay failed to carry his burden of proving that his trial counsel was ineffective and that such ineffectiveness caused prejudice to him.

The findings and conclusions of the motion court are not clearly erroneous. The judgment of the motion court denying Jay's

claim of ineffective assistance of trial counsel is affirmed.

CROW, P.J., and PARRISH, J., concur.

---

**1.** Rule 27.26 was repealed effective January 1, 1988. Page 142, Missouri Rules of Court (19th ed.1988). The instant proceeding continues to be governed by Rule 27.26, as the sentence was pronounced prior to January 1, 1988, and movant's motion under Rule 27.26 was pending pri- or to January 1, 1988. Rule 24.035(*l*), Missouri Rules of Criminal Procedure (19th ed.1988).

