STATE of Missouri, Respondent,

v.

Timothy CARTER, Appellant.

Timothy CARTER, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 58222, 60226.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 16, 1992.

He was wearing black-and-white tennis shoes. After he had been advised of his rights, Defendant told a police officer "not to tell his momma he'd committed a burglary, or she'd die."

John A. Klosterman, St. Louis, for appellant.

William L. Webster, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his conviction for burglary in the second degree pursuant to § 569.170, RSMo 1986. Defendant was sentenced to seven years' imprisonment as a prior offender. He also appeals the denial of his Rule 29.15 motion. We affirm.

On the afternoon of January 25, 1989, Lucille Brown's employer took her home. As they pulled up in front of Ms. Brown's house, they saw a man backing out her front door. The man was wearing a tan-colored jacket with the hood pulled over his head. He was carrying a plastic grocery bag. The man jumped off the porch and ran down the gangway. Ms. Brown was unable to see his face.

When Ms. Brown entered her home, she found the door facing hanging off the wall as the result of forced entry. She noticed that two smoke detector batteries and some candy had been taken, and that the intruder had eaten two bananas and had drunk some orange juice. Ms. Brown's neighbors called the police. They arrived and questioned Ms. Brown about the intruder's description. She told them he was between 16 and 20 years old and "kind of brown-skinned." She also told them that her employer had noticed the intruder was wearing black tennis shoes and a black cap.

Within five to ten minutes, police officer Walleman spotted Defendant in the neighborhood wearing a tan-colored jacket and carrying a plastic grocery bag. When Defendant saw the officer, he turned and ran, discarding the jacket, a cap and the grocery bag. Three officers eventually apprehended Defendant hiding in a tire shop.

Ms. Brown was unable to identify Defendant as the intruder. However, when the police took her to where Defendant had discarded the items, she was able to identify the jacket, cap and bag as those she had seen in the intruder's possession. She was also able to identify the smoke detector batteries found in the jacket pocket and the candy found in the grocery bag. Some sausages were also found in the bag with the candy. Although Ms. Brown did not recall missing the sausages at trial, the first police officer to arrive at Ms. Brown's house testified that sausages were among the items reported missing.

Defendant declined to testify at trial. The jury found Defendant guilty as charged. Defendant filed a *pro se* Rule 29.15 motion on July 27, 1990, and filed an amended motion through counsel on September 6, 1990. After a hearing, the motion court denied Defendant's motion.

In his first point on appeal, Defendant asserts the trial court erred in denying his motion for acquittal because the evidence was circumstantial and insufficient to preclude a reasonable theory of innocence. Defendant argues that the evidence shows only presence in the area, flight, and possession of items similar to those taken in the burglary.

Defendant's assertion that the evidence was all circumstantial is incorrect. The police officer who arrested Defendant testified that Defendant pleaded with him not to tell Defendant's mother he committed the burglary or she would die. This testimony was not contradicted. Admissions of guilt constitute direct evidence. *State v. Bannister*, 680 S.W.2d 141, 148 [21–24] (Mo. banc 1984), *cert. denied*, 471 U.S. 1009, 105 S.Ct. 1879, 85 L.Ed.2d 170 (1984). Where a conviction is supported by at least some direct evidence, the reviewing court must accept as true all direct and circumstantial evidence and all reasonable

inferences most favorable to the state and must disregard the evidence and inferences contrary to a finding of guilt. *State v. Sherrill*, 657 S.W.2d 731, 737 [15, 16] (Mo. App.1983).

■ Not only did Defendant admit his guilt, but he was seen discarding both items identified as stolen from the victim's residence and the jacket the victim saw the intruder wearing. This evidence is easily sufficient to sustain Defendant's conviction. Point denied.

■ Defendant next argues the motion court erred in denying his Rule 29.15 motion for postconviction relief. He contends he received ineffective assistance of counsel because his trial attorney failed to interview State's witness Officer Keith Walleman. Defendant claims he was prejudiced because there was a question at trial of whether Defendant was wanted or whether there was a warrant for his arrest. Defendant claims his counsel failed to "clear this up" for the jury, which left them to speculate on the subject.

To understand Defendant's contention, it is necessary to recount Officer Walleman's testimony. The prosecutor elicited testimony from Officer Walleman that Defendant was running south through a gangway, saw Officer Walleman, and fled back north. On cross-examination, defense counsel asked Officer Walleman if he found out afterwards that there was an active warrant on Defendant. Walleman replied that he was aware of it at the time he arrested Defendant. Counsel inquired in an attempt to show the jury that Defendant was fleeing the police because of the arrest warrant. Because of a prior interview with Walleman, defense counsel expected Walleman's response to be that he found out about the warrant after the arrest. At the motion hearing, defense counsel testified she declined to pursue the matter further for fear of what further probing might reveal to the jury about Defendant.

At a bench conference, the prosecutor informed the judge and defense counsel that because defense counsel opened the door on cross-examination, he intended to elicit from Officer Walleman the fact that Defendant was wanted for questioning about a burglary the previous day. Defense counsel protested that what she had referred to was an active warrant for Defendant's arrest due to probation revocation. Officer Walleman testified out of the jury's hearing that he misunderstood defense counsel and believed her question to pertain to the wanted, not the warrant. Defense counsel decided not to clarify the matter for the jury, because it could have been prejudicial to Defendant. At the motion hearing, counsel testified that the wanted was not in the police report and that she was not informed of it by Defendant.

"[T]he reasonableness of a decision not to investigate depends upon the strategic choices and information provided by the defendant." *Sanders v. State*, 738 S.W.2d 856, 858 (Mo. banc 1987). Defense counsel's actions were reasonable under the circumstances. Further, it is difficult to see how Defendant was prejudiced here. The evidence of his guilt was sufficiently overwhelming that it seems unlikely that the outcome of the trial would have been different had defense counsel gone into further detail. Point denied.

■ Defendant's final point is that the motion court clearly erred in finding that defense counsel was not ineffective for failing to object to juror Heinkel on voir dire. Defendant argues that Heinkel should have been struck because she stated her mother had been mugged and her brother stabbed and no one was arrested in either case, and also because she stated she believed police officers would not purposely lie under oath.

A reading of the entire voir dire examination of juror Heinkel indicates that she was not biased in favor of the State. She stated on three separate occasions that she could be fair to both sides. She also stated that she did not automatically believe the testimony of police officers but would weigh the evidence. She further stated that she knew there are both "good cops and bad cops." We find the trial court did not err in its finding that defense counsel

was not ineffective for failing to object to juror Heinkel. Point denied.

Judgment affirmed.

PUDLOWSKI, P.J., and STEPHAN, J., concur.