**STATE of Missouri, Respondent,**

v.

**James D. ALLEN, Appellant.**

**Nos. WD 51289, WD 52429.**

Missouri Court of Appeals,
Western District.

April 29, 1997.

---

Rosalynn Koch, Columbia, Asst. Public Defender, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Kurt U. Schaefer, Assistant Attorney General, Jefferson City, for respondent.

Before HANNA, P.J., and ELLIS and LAURA DENVIR STITH, JJ.

LAURA DENVIR STITH, Judge.

After a jury trial defendant James Allen was found guilty of first-degree burglary and the unlawful use of a weapon. Mr. Allen appeals, alleging that insufficient evidence supported his burglary conviction because the State failed to show that he knowingly entered unlawfully into Arlene Crocker's garage since he thought he was invited to enter. Mr. Allen also alleges that he received ineffective assistance of counsel because his trial counsel: (1) conceded during his closing statement that Mr. Allen may have been guilty of trespassing and (2) failed to call a witness. Finding that the evidence permitted the jury to find that Mr. Allen knew he was not welcome to enter Mrs. Crocker's garage, we affirm the conviction. We also find that Mr. Allen did not prove ineffective assistance of trial counsel because the two matters complained of were part of defense counsel's reasonable trial strategy.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Viewed in the light most favorable to the State, the facts are as set out below.

On the evening of April 13, 1994, Les Crocker and Greg Trowbridge were working in the garage attached to the house of Mr. Crocker's mother, Arlene Crocker. Mr. Trowbridge's truck was backed up close to the garage entrance. Mr. Crocker went inside the house for a few minutes. During that time a pickup truck pulled into the driveway and two men and a woman got out and stood in the driveway. The first man, defendant James Allen, jumped onto the

hood of Mr. Trowbridge's truck and yelled that "he was going to kick somebody's butt." The second man, Richard Hoover, directed Mr. Trowbridge to summon Mr. Crocker from inside the house and tell him that "James Allen was there to see him."

As Mr. Crocker re-entered the garage from inside of the house, Mr. Allen said from just outside the garage that he wanted to "kick his butt" because he looked "like a goat roper." Mr. Crocker replied that he did not have a problem with Mr. Allen and asked Mr. Allen why he had a problem with him. Mr. Allen then went over to a car in the driveway that he believed Mr. Crocker owned. He kicked the car and spit into the open driver's window. He told Mr. Crocker that he wanted to fight and asked Mr. Crocker to step out onto the driveway. Mr. Crocker again said that he did not have a problem with Mr. Allen and told Mr. Allen to go home.

Mr. Allen started to leave, but then turned and ran into the garage. He jumped up on top of a counter, flexed his muscles, and yelled "[m]y name is Jimmy Allen. You don't mess with Jimmy Dean." He then jumped down and started to leave again. Mr. Crocker testified that as Mr. Allen returned to the truck, he pulled a knife out of his pocket and threatened to cut Mr. Crocker, Mr. Trowbridge, and Mrs. Crocker's throats. Mr. Allen then tossed the knife back to Mr. Hoover and resumed his efforts to get Mr. Crocker to come out of the garage and fight him.[1] Again, after Mr. Crocker told Mr. Allen to go home and that he did not have a problem with him, Mr. Allen returned to the truck.

Just as the truck was backing out of the driveway, Mr. Allen saw Mr. Crocker make what he believed was an obscene gesture. In response, Mr. Allen got out of the truck, ran into the garage, and hit Mr. Crocker in the throat and kicked him in the leg. The two fought until Mr. Crocker threw Mr. Allen out of the back door of the garage. At this point, Mr. Crocker and Mr. Trowbridge went into the house and Mr. Allen drove off with his friends.

Mr. Allen's reason for coming to the Crockers' house is not entirely clear. It was established, however, that Mr. Allen's ex-wife, Tabatha Allen, had temporarily lived at the house with Mrs. Crocker during January, and perhaps February, 1994. During this time Mr. Allen had visited the house to talk with Ms. Allen, but sometime during February or March 1994 Mrs. Crocker told him not to return and to stay off her property.

Mr. Allen was charged as a prior and persistent offender with one count of burglary in the first degree in violation of Section 569.160, RSMo 1994[2], and one count of unlawful use of a weapon in violation of Section 571.030. After a jury trial, Mr. Allen was convicted of both counts and sentenced to concurrent sentences. Mr. Allen appeals the verdict.

In addition, Mr. Allen filed a Rule 29.15 motion to vacate, set aside or correct judgment and sentence. He appeals the motion court's denial of this motion after an evidentiary hearing. The two appeals were consolidated in this Court. We affirm both the verdict and the denial of Mr. Allen's post-conviction motion.

## II. THE ESCAPE RULE DOES NOT APPLY

The State argues that Mr. Allen's appeal should be dismissed because of the applicability of the "escape rule." *See State v. Troupe*, 891 S.W.2d 808, 809 (Mo. banc 1995) (explaining the rule). We disagree. The motion court found no clear evidence that Mr. Allen had escaped from custody. As it noted, while Mr. Allen failed to appear at a sentencing hearing on May 22, 1995, the record shows the hearing had been set originally for May 15, 1995. Further, the record does not reveal what happened on May 15, 1995 or whether Mr. Allen knew he was to appear on May 22, 1995. On these facts, the motion court properly refused to apply the escape rule.

---

1. Mr. Allen denied pulling out a knife, but we must view the facts in the light most favorable to the State.

2. All statutory references are to Revised Missouri Statutes 1994.

## III. SUFFICIENT EVIDENCE OF "UNLAWFUL ENTRY" SUPPORTS THE GUILTY VERDICT

■ On appeal, Mr. Allen challenges the sufficiency of the evidence to support the guilty verdict on the burglary count. He alleges that the State failed to show that he "knowingly entered unlawfully" into Mrs. Crocker's garage. When reviewing the sufficiency of the evidence supporting a criminal conviction, we are limited to determining whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *State v. Silvey*, 894 S.W.2d 662, 673 (Mo. banc 1995); *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc), *cert. denied*, 510 U.S. 997, 114 S.Ct. 562, 126 L.Ed.2d 462 (1993). We view all the evidence, together with any reasonable inferences that may be drawn therefrom, in the light most favorable to the State and disregard all evidence and inferences to the contrary. *Silvey*, 894 S.W.2d at 673.

One commits burglary in the first degree if one "knowingly enters unlawfully ... a building or inhabitable structure for the purpose of committing a crime therein...." § 569.010(8). Mr. Allen alleges that he did not "knowingly enter unlawfully" Mrs. Crocker's garage. He argues that while Mrs. Crocker had warned him to stay off of her property, Mr. Crocker's statements to him as he stood outside of the garage—to the effect that he did not have a problem with Mr. Allen—intervened and superseded Mrs. Crocker's warning.

Mr. Crocker and Mr. Trowbridge both testified, however, that Mr. Allen was never invited into the garage. Further, Mr. Crocker made his statements that he did not have a problem with Mr. Allen while Mr. Allen was out on the driveway trying to get him to come out and fight. The jury was free to believe that Mr. Crocker only meant that he did not want to fight with Mr. Allen, not that he was inviting Mr. Allen into his mother's garage. Finally, Mr. Crocker made at least one of his statements that he had no problem with Mr. Allen while Mr. Allen was pointing a knife at him and threatening to cut his head off. This hardly could be interpreted as permission to enter Mrs. Crocker's garage.

The jury was entitled to find from this evidence that Mr. Allen knew that he still did not have permission to enter Mrs. Crocker's garage. Accordingly, a reasonable juror could have found that Mr. Allen committed burglary in the first degree when he entered the garage.

## IV. MR. ALLEN DID NOT PROVE INEFFECTIVE ASSISTANCE OF COUNSEL

Mr. Allen alleges that he received ineffective assistance from his trial counsel because counsel: (1) admitted during his closing statement that Mr. Allen might have been guilty of trespass, and (2) failed to call Tabatha Allen as a witness.

■ Appellate review of the motion court's decision regarding ineffective assistance of counsel is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(j); *Moore v. State*, 827 S.W.2d 213, 215 (Mo. banc 1992). Such findings and conclusions are deemed clearly erroneous only if, after reviewing the entire record, this Court is left with the definite and firm impression that a mistake has been made. *Moore*, 827 S.W.2d at 215; *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

■ To prevail on an ineffective assistance claim, a movant must show by a preponderance of the evidence that (1) counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would have exhibited under similar circumstances and (2) counsel's failure prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 693–694, 104 S.Ct. 2052, 2067–2068, 80 L.Ed.2d 674, 697 (1984); *Sanders*, 738 S.W.2d at 857. To show that counsel failed to exercise the required skill and diligence, the movant must overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and trial strategy. *State v. Harris*, 870 S.W.2d 798, 814 (Mo. banc), *cert. denied*, 513 U.S. 953, 115 S.Ct. 371, 130 L.Ed.2d 323 (1994); *Sidebottom v. State*, 781

S.W.2d 791, 796 (Mo. banc 1989), *cert. denied,* 497 U.S. 1032, 110 S.Ct. 3295, 111 L.Ed.2d 804 (1990). To demonstrate prejudice, the movant must show that "there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different." *State v. Stepter,* 794 S.W.2d 649, 656 (Mo. banc 1990).

■ Mr. Allen claims ineffective assistance in trial counsel's closing statement. During his closing statement, trial counsel conceded that Mr. Allen "may have been guilty of trespass." Mr. Allen argues that this concession was erroneous because the evidence did not conclusively establish that he had entered the garage unlawfully. The motion court found that trial counsel made the concession as a part of the reasonable trial strategy of attempting to minimize Mr. Allen's liability. Indeed, trial counsel immediately followed his concession by stressing that Mr. Allen was not charged with trespassing. We find no clear error in the motion court's finding that trial counsel acted in accordance with reasonable trial strategy. *See Harris,* 870 S.W.2d at 814.

■ We also find that the motion court did not clearly err in holding that trial counsel's decision not to call Tabatha Allen to testify was a reasonable trial strategy. Mr. Allen argues that if Ms. Allen had been called, she would have testified that the knife he allegedly brandished at Mr. Crocker and Mr. Trowbridge had been at Mrs. Crocker's house for three or four days in January or February 1994. This, he believes, would have supported his position at trial that he did not brandish the knife in Mrs. Crocker's driveway and that the knife was on the truck's dashboard throughout the incident. Ms. Allen's testimony would have helped explain how Mr. Crocker could describe the knife if it had not been used by Mr. Allen during the incident. The motion court rejected Mr. Allen's argument. It found no evidence that Mr. Trowbridge had any opportunity to view the knife while it was in Mrs. Crocker's house, that Mr. Crocker lived in Colorado while the knife was in Mrs. Crocker's house, and that Ms. Allen's testimony would have conflicted with that of another defense witness. These facts supported the finding that the decision not to call Ms. Allen was reasonable trial strategy.

Accordingly, we affirm both the conviction and the denial of Mr. Allen's post-conviction motion.

All concur.