**Richard Stephen BELLEW, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 14309.**

Missouri Court of Appeals, Southern District, Division One.

Nov. 10, 1986.

Lew Kollias, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

TITUS, Judge.

Movant, then defendant, was jury-convicted of first-degree robbery. § 560.120, RSMo 1969, now repealed. The trial court determined the Second Offender Act, formerly § 556.280, was applicable and sentenced defendant to imprisonment for 35 years. Movant's appeal in the criminal cause was denied and the judgment nisi was affirmed. *State v. Bellew*, 612 S.W.2d 401 (Mo.App.1981). The instant appeal comes, following an evidentiary hearing, from a judgment adverse to movant's Rule 27.26 motion to set aside the robbery conviction.

Movant was serving two concurrent 14–year sentences for robbery when he and Ronald Barker fled the Fordland Honor Camp August 14, 1978. Movant and Barker stole a car and robbed a Springfield service station attendant and headed south where they were apprehended in Texas on August 16. Both movant and Barker confessed to the Springfield robbery and other crimes. Barker pleaded guilty to the Missouri robbery charge and was transported back to Texas before movant's Missouri criminal case was tried. The gist of movant's present claim, that the trial court erred in denying his Rule 27.26 motion, is that movant was denied effective assistance of counsel in that his criminal trial lawyer did not produce Randall Barker as a defense witness in the criminal proceeding.

Apropos of what Randall Barker would have testified had he been called as a defense witness in movant's criminal trial, movant was asked, inter alia, the following questions at the hearing on the Rule 27.26 motion and gave the following answers:

Q. ... did Randall Barker ever tell you what he would do for you if he had to testify?

A. If I'd call him back as a witness for me?

Q. Yes.

A. No, but he told me he'd tell the truth.

Q. ... did you ever ask—ever try to talk to Barker while he was over in the jail about being a witness for you?

A. I asked him once, would he take the stand for me, and he said he would.

Q. But he made no commitment to you other than that he would tell the truth? A. Well, yes.

Q. And you were aware he'd also given a confession implicating both of you?

A. I was aware that he would.

Q. You were aware that he had given a confession—

A. Oh, yes.

Q. Implicating both of you? A. Yes.

A movant's claim his lawyer's assistance at the criminal trial was so defective as to require reversal of his conviction has two components. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said

that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, and also to be considered with the foregoing, is the well established principle, that defense counsel's trial strategy, even though later proven wrong, does not support a finding of ineffective assistance of counsel. *Gentile v. State*, 637 S.W.2d 30, 32[4] (Mo.App.1982); *Pollard v. State*, 627 S.W.2d 114, 117[6] (Mo.App.1982).

■ As seen above, movant only testified that Randall Barker said he would take the stand for movant in the criminal trial and that "he'd tell the truth." The trial court correctly found there was no showing that Barker's testimony would have exonerated movant of the robbery charge. In not producing a witness who confessed to and pleaded guilty as a co-perpetrator of the crime charged against movant, it takes little or no imagination to conclude that movant's defense counsel in the criminal trial was not deficient or that his failure to present such a witness prejudiced the defense. The judgment nisi is affirmed.

CROW, C.J., concurs.

GREENE, P.J., concurs in result only.