All jurors who agree to the above must sign below.

**Elbert A. WALTON, Jr.,**
**Plaintiff–Appellant,**

v.

**OMEGA PSI PHI FRATERNITY, INC.,**
**Defendant–Respondent.**

**No. 51153.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 9, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 15, 1988.

Elbert A. Walton, St. Louis, for plaintiff-appellant.

Melvin C. Zeno, pro se.

#### ORDER

PER CURIAM.

This is an appeal from the trial court's judgment denying plaintiff recovery for alleged services rendered and attorneys' fees. The trial court's judgment is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). An extended opinion would have no prece-

dential value. The judgment is affirmed in accordance with Rule 84.16(b).

**Marcus GRANGER, Plaintiff–Appellant,**

v.

**STATE of Missouri,**
**Defendant–Respondent.**

**No. 52887.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 9, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 15, 1988.

Mark T. McSweeney, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted of robbery in the first degree of Nancy Rixman. He was found by the court to be a dangerous offender and was sentenced to thirty years' imprisonment. On appeal, we affirmed. *State v. Granger,* 680 S.W.2d 258 (Mo.App. 1984).

Movant filed this Rule 27.26 motion, alleging his trial counsel provided ineffective assistance of counsel. He alleged his trial counsel was ineffective because he failed to subpoena a police officer whose testimony would have impeached the testimony of the state's principal witness Nancy Rixman and because counsel failed to object specifically to inadmissible hearsay in a statement made by movant to an F.B.I. agent, which was admitted in evidence. Movant also alleged his counsel on appeal was ineffective by failing to raise the hearsay issue on direct appeal.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson,* 719 S.W.2d at 915.

The motion court is not required to believe the testimony of a movant or any other witness at a Rule 27.26 hearing, and an appellate court must defer to the motion court's determination of credibility. *Porter v. State,* 678 S.W.2d 2, 3 (Mo.App.1984). The movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Careaga v. State,* 613 S.W.2d 863, 867 (Mo.App.1981).

To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v.*

*State*, 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original).

At the evidentiary hearing, movant's trial counsel and the police officer testified. The court also had the trial transcript, as well as our opinion on the direct appeal. The motion court issued findings of fact and conclusions of law, finding counsel had not been ineffective and movant had not shown any of the alleged deficiencies prejudiced him.

The evidence supporting the conviction is as follows. Nancy Rixman was working in St. Louis County as a teller for Lafayette Federal Savings and Loan on December 15, 1980. She first saw movant as he walked by the front window. He was a black male, about six feet tall, and about 180 pounds. He had a short afro and some facial hair. He was wearing a chocolate-brown sports coat and was carrying an "attache case." She saw him come in the front door and walk directly across the lobby to her teller station. He asked her for a money order. He also asked if there was anyone else there. She told him there was no one other than the other teller, Sharon Crawford. He then said, "give me the money." He reached in his coat and removed a revolver from his waist band. She opened the cash drawer and began giving him money. He said, "I want you to get down on the floor", she sat down, and Ms. Crawford came over. He then had both of them lie down and told them not to get up for three minutes. When he left, Ms. Rixman got up and saw a red and black car drive away toward the south. The police were called, and officers arrived in a few moments. Ms. Rixman gave the police a description of the robber, his coat, the gun, and the car she saw. The next day she picked movant's photograph out of a photographic lineup, identifying that person as the robber. At trial she identified movant as the robber.

Later a red and black car matching Ms. Rixman's description was found in a parking lot about one mile south of the savings and loan office. Ms. Rixman identified it as the car she had seen. Inside the car police found a revolver and a brown sports coat, which Ms. Rixman testified looked like the ones the robber had. The car was found to be owned by Patricia Baker. Movant later was apprehended at Patricia Baker's house. The former employer of both movant and Ms. Baker testified he had seen both of them in the red and black car. Movant stated to F.B.I. agents that he had used Ms. Baker's car on occasion.

Sharon Crawford first saw the robber at Ms. Rixman's station. The robber told Ms. Rixman to lie on the floor, and, when he told Ms. Crawford to finish giving him the money, she complied. Afterward he told her to lie on the floor, and he left. Ms. Crawford did not get a good look at the car. When the police arrived, she also gave them a description. She said she selected three photos from the photographic lineup that could have been the robber. Movant's photograph was one of those three. She stated she never saw the robber display a weapon. At trial she identified movant as one of the persons whose photo she had selected.

The motion court first concluded movant was not entitled to relief because he had not shown the alleged ineffectiveness of counsel prejudiced him. A motion court, and this court, may proceed directly to the issue of prejudice without first determining whether counsel's conduct was deficient. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069; *Sanders*, 738 S.W.2d at 857; *Richardson*, 719 S.W.2d at 915–16. The court's findings and conclusions on this point are not clearly erroneous. The state presented a strong case against movant. On his Rule 27.26 claims, movant did not prove that, but for counsels' alleged failures, a different result would have been reached; thus, the second prong of the *Strickland* test was not met. We have, however, examined movant's claims and find no clear error in the court's findings and conclusions regarding them.

■ Movant's first allegation of ineffectiveness of counsel asserts that his trial counsel failed to subpoena Officer Michael Williams to testify concerning a prior inconsistent statement of Ms. Rixman. On cross-examination Ms. Rixman was asked,

"[d]id you tell Officer Williams that you were not really used to black people and you had never seen very many black people before?" She responded, "I don't remember whether or not I said that." Trial counsel later attempted to introduce into evidence the following portion of Officer Williams' deposition testimony to impeach Ms. Rixman: "The beard. They couldn't agree on the beard. There was a little discrepancy on like, one said dark, the one lady, Rixman, said that comment. She's not really used to black people. She never seen very many black people before. To her the guy was dark." On direct appeal we concluded the trial court did not err in refusing to admit the deposition testimony because the offered statement was that of Officer Williams, not Ms. Rixman. In our opinion we stated counsel had ample opportunity to subpoena the officer prior to trial or during the state's case. From this part of our opinion movant has assumed that we in effect had held counsel was ineffective in failing to subpoena the officer because at the Rule 27.26 evidentiary hearing Officer Williams testified that Ms. Rixman did make the statement. Not so.

At the evidentiary hearing, movant's trial counsel testified he had Officer Williams' deposition, was familiar with it, and had summarized it. He said he felt that some of Williams' testimony might hurt movant if the defense called Williams and that he would be in a better position if the state didn't call the officer, enabling him to argue an adverse inference to the jury from the state's failure to call him. At trial, in fact, Officer Williams was not called to testify by the state, and counsel did argue the adverse inference. Counsel said the decision not to subpoena Officer Williams was a matter of trial strategy. He tried to subpoena the officer after Ms. Rixman testified because movant asked him to do so. Counsel believed movant's chances would be better if Officer Williams was not used as a witness, and he hoped the state would not use him.

■ The selection of witnesses and the introduction of evidence are questions of trial strategy. The mere choice of trial strategy is not a basis for finding ineffective assistance of counsel. *Sanders,* 738 S.W.2d at 858. This is true, even though counsel's strategy is later proven wrong. *Bellew v. State,* 719 S.W.2d 493, 495 (Mo. App.1986). The court's findings and conclusions on this point are not clearly erroneous.

■ Movant also contends his trial counsel was ineffective because he failed to object to "clearly inadmissible hearsay testimony." The testimony at issue involved a transcript of a statement taken from movant by F.B.I. agents. In support of his contention that this testimony was inadmissible hearsay, movant relies solely on *State v. DeGraffenreid,* 477 S.W.2d 57 (Mo. banc 1972). The portion of *DeGraffenreid* he relies on was overruled in *State v. Harris,* 711 S.W.2d 881, 884 (Mo. banc 1986). Moreover, the failure to make an objection to testimony does not constitute ineffective assistance of counsel. *Webb v. State,* 718 S.W.2d 619, 623 (Mo.App.1986).

■ In the same point movant contends his counsel on direct appeal was ineffective because he failed to raise the hearsay issue on appeal. Allegations of ineffectiveness of appellate counsel are beyond the scope of Rule 27.26. Such complaints should be sought only in the appellate court of rendition by motion to recall the mandate, vacate the sentence of affirmance, and re-docket the cause for rehearing. *Hemphill v. State,* 566 S.W.2d 200, 208 (Mo. banc 1978); *see also Burton v. State,* 641 S.W. 2d 95, 97 n. 2 (Mo. banc 1982). Movant's second point lacks merit.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.