**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Ernest DAVIS a/k/a Ernest Anderson,
Defendant-Appellant.**

**No. 48590.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 26, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
April 9, 1985.

Application to Transfer Denied
May 29, 1985.

Debra Buie Arnold, St. Louis, for defendant-appellant.

Gary L. Gardner, Asst. Atty. Gen., St. Louis, for plaintiff-respondent.

CLEMENS, Senior Judge.

The issue here: Did defendant Ernest Davis recklessly assault Dolores Isaiah causing a "serious physical injury"? (§ 565.060.1(2)). The quoted phrase was defined by the trial court to include the protracted impairment of a bodily member or organ. (§ 556.061(24)).

The jury found defendant guilty and the trial court sentenced him as a previous offender to ten years in prison. He has appealed, contending the evidence failed to show, as it must, that the charged assault caused protracted bodily impairment. (MAI–CR2d 33.00).

The evidence showed a protracted "lovers' quarrel" during which defendant beat and kicked the victim about her head. According to investigating police the victim's head was swollen and bloody. Testimony by the victim and hospital personnel during her ten days there showed: When admitted the doctor found her jaw was broken and under anesthetic surgery he reduced the fracture and affixed a brace to hold it. While the victim was in the hospital her neck, face and eyes were seen to be cut and bruised. Further, one of the victim's eyes is blurry and at times she could not see with it.

As said, defendant contends here the evidence did not show, as required by the verdict director and the cited statute, his assault caused serious physical injury, that is, a functual impairment of a bodily member or organ.

Preliminarily, we hold the instruction was justified by the victim's testimony that her vision in one eye continued to be impaired from time to time.

The challenged verdict director was before us in *State v. Teal*, 624 S.W.2d 122[1] (Mo.App.1981). There, on a charge of child molestation the evidence showed the child "sustained an injury to her face which resulted in substantial loss of blood and which required stitches on [her] face around her left eye." We held the quoted evidence warranted an instruction on "serious physical injury". That ruling warrants the submission here on the basis of this plaintiff's testimony of her bodily injuries, including her impaired vision.

We hold the verdict director on recklessly causing serious physical injury was justified by the quoted testimony of her prolonged hospital stay for extensive trauma and bone surgery and also her impaired vision. We have no hesitancy in holding the evidence showed the victim suffered serious physical injuries, recklessly caused by defendant.

Affirmed.

CRIST, P.J., and CRANDALL, J., concur.