Ernest DAVIS, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 53037.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 2, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 6, 1988.

Application to Transfer Denied May 17, 1988.

Beverly A. Beimdiek, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was charged with alternative counts of forcible rape and first degree assault. After a jury trial he was convicted of second degree assault and was sentenced by the trial court as a persistent offender to 10 years' imprisonment. He appealed his conviction. We affirmed. *State v. Davis*, 689 S.W.2d 743 (Mo.App. 1985).

Thereafter movant filed a pro se Rule 27.26 motion. The court appointed counsel to represent him, and an amended motion was filed. At the evidentiary hearing movant, movant's trial counsel, and four witnesses, whom movant alleged counsel failed to investigate or call at trial, testified. The court denied movant's motion and issued findings of fact and conclusions of law.

On appeal movant contends the court erred in finding he received effective assistance of counsel. He asserts the evidence at the motion hearing established his trial counsel was ineffective in the following respects: 1) in failing to contact six witnesses he provided to counsel; 2) in failing to call those witnesses at trial; 3) in failing to explain to him and to the jury the alternative counts; 4) in failing to move at trial to compel the state to elect between the two charges; 5) in failing to impeach the victim with prior inconsistent statements; and 6) in advising him not to dis-

close all of his prior convictions on direct examination, where other convictions were ultimately revealed to the jury.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson,* 719 S.W.2d at 915. The motion court is not required to believe the testimony of a movant or any other witness at a Rule 27.26 hearing, and an appellate court must defer to the motion court's determination of credibility. *Porter v. State,* 678 S.W.2d 2, 3 (Mo.App.1984). The movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Careaga v. State,* 613 S.W.2d 863, 867 (Mo. App.1981).

To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original). A motion court and this court may proceed directly to the issue of prejudice without first determining whether counsel's conduct was deficient. *Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069; *Sanders,* 738 S.W.2d at 857; *Richardson,* 719 S.W.2d at 915–16.

Movant presented no evidence that any of counsel's alleged failures prejudiced him. We do not see any prejudice suffered by him. He was charged in the alternative with forcible rape and first degree assault, but he was convicted of second degree assault. None of movant's claims indicate counsel's representation in obtaining this result was anything but effective.

Further, we have reviewed the record and find movant's points to lack merit. Regarding his first point, movant testified he informed counsel of six witnesses. Counsel stated he contacted three of the persons, a fourth could not be found, and he was not informed of the remaining two by movant. The credibility of the witnesses was a matter for the motion court, and it believed counsel. The motion court's finding on this point is not clearly erroneous.

Next, counsel's decisions not to call any of the witnesses and not to move to compel the state to elect between the charges were matters of trial strategy and are virtually unchallengeable. *Sanders,* 738 S.W.2d at 858. Counsel's testimony indicates that in both situations he considered the factors involved. We will not second guess his trial tactics. *See Sanders,* 738 S.W.2d at 858; *Willen v. State,* 648 S.W.2d 134, 136–37 (Mo.App.1983). Movant's second and fourth points are denied.

Movant also testified counsel failed to explain the alternative counts to him. Counsel stated he explained the counts to him at their first meeting and they discussed the issue in terms of trial strategy several times. Moreover, the trial record indicates that the jury was instructed on the alternative counts and that counsel mentioned the alternative counts in his closing argument. Point three denied.

"[T]he question of impeachment of a witness is a matter of trial technique and strategy and cannot be the basis of a breach of any duty towards movant." *Hurd v. State,* 637 S.W.2d 809, 811 (Mo. App.1982). Counsel testified he believed the inconsistencies in the victim's testimony were minor and not valuable points for impeachment before a jury. Based on the record, we cannot find this unreasonable. Point five is denied.

Regarding movant's final point, the court found the evidence did not support his contention that counsel told him to lie about

his prior convictions. The motion court's finding is not clearly erroneous.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.