STATE of Missouri, Respondent,

v.

Walter Keith WILLIAMS, Appellant.

No. 51124.

Missouri Court of Appeals,
Eastern District,
Division Eight.

March 8, 1988.

Michael M. Frank, Clayton, Mark D. Hirschfeld, St. Louis, for appellant.

William L. Meiners, Clayton, for respondent.

CRIST, Judge.

Defendant, a black male, appeals from a jury conviction for attempted sexual assault, § 564.011, RSMo 1986, for which he was sentenced to a jail term of ninety days. He asserts the State purposefully excluded all blacks from his venire panel contrary to *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). We reverse and remand.

There were two black venirepersons on the regular panel and one black venireperson on the alternate list. The State struck all three, leaving an all white jury and two white alternates who did not participate in the trial. Defendant's lawyer raised the issue of discriminatory strikes, but the court denied his motion to dismiss the jury. Defendant appealed and on March 10, 1987, this court ordered the case remanded for a hearing on the *Batson* issue. The trial court again found no purposeful discrimination in the selection of the jury. This appeal represents the second time this issue is before us for resolution.

When the jury was selected, defendant's lawyer raised the objection that it was chosen in a discriminatory manner. The prosecutor stated: "I don't know what the races were. I know one woman I struck was a social worker and another one was a man about the age of the defendant." No explanation was given as to the strike of the alternate. Defendant made no response at that time to the prosecutor's explanation. The trial court denied defendant's motion to dismiss the jury stating it could not rule all blacks were stricken because there was no record as to the race of the members of the panel.

At the *Batson* issue supplemental hearing, it was stipulated that the State struck all three black venirepersons from

the jury list, leaving an all white jury, and that defendant made a prima facie case of jury discrimination. *State v. Antwine*, 743 S.W.2d 51, 63–64[13] (Mo. banc 1987). The burden of production then shifted to the State to rebut the presumption of discrimination by coming forward with a clear and reasonably specific neutral explanation for excluding the black venirepersons. *Id.* at 64.

The State used its peremptory strikes to strike venireperson # 23, a black woman who was employed as a social worker and counselor with Human Development, and who had previously worked as a municipal court clerk in University City; and venireperson # 7, an unmarried black man who was employed as a stock clerk for the American Lung Association, and who had attended classes at the University of Missouri–St. Louis and at Forest Park Community College. The State exercised its alternate strike against venireperson # 19, a black woman who worked as a switchboard operator for the Division of Family Services.

■ The explanation the prosecutor offered at the original trial for striking venireperson # 7, that he was about defendant's age, was not, under these facts, a clear and reasonably specific explanation. Once this explanation was made, the trial judge had a duty under *Antwine* to "assess the entire milieu of the voir dire objectably and subjectably" in light of the prosecutor's explanation. *Id.* at 65[17].

The members of the venire panel were subpoenaed for the *Batson* issue hearing. At that time, they were asked questions about their age, race, marital status and occupation. Defendant was born August 10, 1961. Venireperson # 22, a white female, was born the same month and year. Venirepersons # 7, the black male struck by the State, and # 11, a white male, were both born in 1955. Venirepersons # 9, a white male, and # 13, a white female, were both born in 1954. And, venirepersons # 20, a white female, and # 21, a white male, were both born in 1951. Thus, there were eight potential jurors born within ten years of defendant. Of those eight jurors

four were males, one of whom was black. The complete record on appeal indicates venireperson # 7 was the only single male of an age similar to defendant's, and that he, like defendant, was a student. These additional facts, however, were not mentioned by the prosecutor when called upon to give a neutral explanation of his peremptory strike of venireperson # 7. The prosecutor declined the opportunity to put on evidence at the supplemental *Batson* hearing, and declined to take the stand and elaborate upon his previous explanations for his peremptory strikes.

Objectively, from the voir dire record, no reasonably specific neutral explanation was given as to venireperson # 7. Even if the presumption raised by the prima facie case had been rebutted by the State's explanation, defendant carried his burden of demonstrating the State's explanation was merely pretextual. *Antwine*, at 64[15].

The prosecutor indicated he struck venireperson # 23 because she was a social worker. She was added to the potential jury panel after another venireperson was excused for cause during defendant's voir dire. The prosecutor never questioned her and indicated at the time of trial that he was not really listening to defendant's voir dire. The fact that venireperson # 23 was a social worker might of itself be a sufficient explanation, but we do not need to decide if it was, under the particular facts of this case, because of our ruling as to venireperson # 7. Likewise, we do not need to decide about the strike of venireperson # 19 from the alternate pool without explanation, because the alternate was ultimately not part of the jury deciding the case.

Since the prosecutor failed to give a suitable explanation at the time of the trial, and failed to present evidence at the supplemental hearing, and since defendant showed at the supplemental hearing that the so-called neutral explanation was pretextual, defendant must be given another chance. We do not address defendant's other allegations of error on this appeal with the admonition to the State that the errors appearing therein not be repeated on

retrial. *State v. Jordan,* 627 S.W.2d 290, 295 (Mo. banc 1982).

Judgment reversed and remanded for a new trial.

SMITH, P.J., and GARY M. GAERTNER, J., concur.