STATE of Missouri,
Plaintiff–Respondent,

v.

Charles BELL, Defendant–Appellant.

Charles BELL, Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

Nos. 54712, 55780.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 29, 1989.

Melinda K. Pendergraph, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Ronald L. Jurgeson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

A jury convicted defendant of second degree burglary, § 569.170 RSMo 1986. The court sentenced him as a prior and persistent offender to ten years' imprisonment. He appeals from his conviction and from the denial of his Rule 29.15 motion after an evidentiary hearing. We affirm.

The State's evidence shows that on April 30, 1987, a security guard was conducting a surveillance at a Famous Barr warehouse which was closed to the public for the evening. While looking through a one-way window into a large room containing four pallets of Reebok tennis shoes, she saw a man open an outside window, enter the

building, and remove a large box of tennis shoes. After placing the box outside, he returned to the pallet and got another one.

The security guard called for help, and when another guard arrived, the two went to the window the man had exited. They opened the window and saw the man standing approximately one foot away. The man looked directly at the security guards, dropped the box and ran. The guards chased him for a short distance, but failed to catch him.

The security guards dispatched his description. Two police officers heard the description and, while heading toward the scene, spotted a man, who matched the description, running and removing his shirt. Defendant was arrested, advised of his constitutional rights, and placed in a police vehicle where both security guards identified defendant as the man they had seen at the warehouse.

Defendant was taken to the police station where he orally confessed to the crime. He refused to make a written statement.

Defendant's point on direct appeal, based on *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), is that the trial court erred in overruling his motion to quash the jury panel because defendant, a black man, established *prima facie* evidence of discrimination when the state used four of six peremptory challenges to strike black panel members and, further, that the state's offered explanations failed to rebut the presumption that the challenges were exercised in a discriminatory manner.

When defendant moved to quash the jury panel, the trial court, following the procedures outlined in *State v. Antwine*, 743 S.W.2d 51, 63–66 (Mo. banc 1987), asked the prosecutor to explain why the black venire persons had been struck. The prosecutor answered that two of the venire persons were struck because relatives had been involved in murders, one because of moral difficulty rendering a judgment, and one because of personal and employment instability. The trial judge heard the explanations and denied defendant's motion.

A finding of no discrimination is a finding of fact to which we give great deference and will not reverse unless clear-ly erroneous. *Antwine*, 743 S.W.2d at 66; *State v. Griffin*, 756 S.W.2d 475, 482 (Mo. banc 1988). The explanations offered by the prosecutor were legitimate hunches. Additionally, the venire in this case was composed of twelve whites and twelve blacks. The final jury panel, after the prosecutor used four of six strikes against blacks, had six blacks and six whites. Both the racial composition of the jury panel and the prosecutor's explanations are relevant circumstances to consider when determining whether the prosecutor's use of challenges was discriminatory. *State v. Price*, 763 S.W.2d 286, 289 (Mo.App.1988). The trial court's refusal to quash the jury panel is not clearly erroneous. Accordingly, we affirm defendant's conviction.

In his amended Rule 29.15 motion, defendant alleged, inter alia, that trial counsel was ineffective for "fail[ing] to develop and present evidence of inconsistencies and the statements of witnesses pertaining to the direction and path of the accused in fleeing the scene of the crime ... [and for] fail[ing] to object or impeach the testimony of witnesses that the accused was wearing Reebok tennis shoes...." In denying relief, the motion court found these allegations were conclusions and were refuted by the record.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 29.15(j); *Brummell v. State*, 770 S.W.2d 379, 380 (Mo.App.1989). The motion court's findings, conclusions, and judgement are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Brummell*, 770 S.W.2d at 380.

To prevail on an ineffective assistance claim, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "Must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original). Further, a motion

court and this court may proceed directly to the issue of prejudice without first determining whether counsel's conduct was deficient. *Davis v. State*, 748 S.W.2d 698, 700 (Mo.App.1988).

On appeal, defendant presses the claims, referred to above, from his amended motion. We note initially that the trial court examined defendant pursuant to Rule 29.07 and found no probable cause to believe defendant was denied effective assistance of counsel. Trial counsel testified at the motion hearing that defendant informed her of the inconsistencies in the witnesses' statements and that she recalled pursuing the inconsistencies at trial. Our review of the record reveals no factual inconsistency between the witnesses' testimony relating to the direction in which defendant fled. Instead, it appears that one of the witnesses could not remember the direction in which defendant fled and that counsel fully exploited the witness' lack of memory. As to the allegation concerning counsel's failure to object, it appears defendant contends the testimony that he was wearing Reebok tennis shoes implied he was wearing stolen merchandise. However, the testimony was given in the context of the witness' description of defendant as she recalled seeing him the night of the crime. Defendant has not shown why the testimony is inadmissible, thus we will not condemn counsel for failing to object.

In any event, we conclude defendant was not prejudiced by any purported deficiencies of counsel. The evidence against defendant was strong. He confessed to the crime; two security guards identified defendant as the man who committed the crime. Thus, there is no reasonable probability that, but for counsel's alleged errors, the jury would have had a reasonable doubt respecting guilt.

Judgments affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.