**Nemi HARRIS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56182.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 9, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 14, 1990.

Application to Transfer Denied
April 17, 1990.

Beverly A. Beimdiek, Cheryl Rafert, St. Louis, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant, Nemi Harris, appeals the denial of his Rule 27.26 motion after an evidentiary hearing. Movant pled guilty to two counts of second degree murder and was sentenced to life imprisonment and a consecutive term of fifteen years. In this appeal, movant claims that the motion court erred in finding his plea voluntary in that it was made while movant was under the influence of thorazine and in denying his motion based on ineffective assistance of counsel. We affirm.

In reviewing claims for postconviction relief, this court's review is limited to determining whether the findings, conclusions and judgment of the motion court are clearly erroneous. *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987). These findings are clearly erroneous when a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App., E.D. 1986).

Movant first claims that his plea was involuntary because it was made while he was taking thorazine. At the evidentiary hearing, both the State and the defendant presented evidence regarding the effect of thorazine on the movant's ability to understand the guilty plea proceedings. The motion court found that the State's witness

was "very persuasive on the effects of thorazine" and concluded that "the thorazine did not interfere with the voluntariness and intelligence of the movant's plea of guilty." Movant claims that the motion court erred in believing the State's witness as opposed to his own. The motion court is not required to believe the testimony of a witness. *Davis v. State,* 748 S.W.2d 698, 700 (Mo.App., E.D.1988). Here, the motion court determined that the testimony of movant's witness was not credible. This court must defer to the motion court's determination of credibility. *Id.* at 700. Point denied.

Movant next claims that his counsel was ineffective. We have reviewed these allegations, the record on which they are based, and the court's findings of fact and conclusions of law. We find that the court's findings and conclusions are not clearly erroneous. No precedential value would be served by expounding on the basis for this determination. Rule 84.16(b).

Affirmed.

REINHARD and CRIST, JJ., concur.