**STATE of Missouri, Respondent,**

v.

**Willie WHITFIELD, Appellant.**

No. 70298.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 24, 1997.

Susan McGraugh, Assistant Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Becky Owenson Kilpatrick, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant, Willie Whitfield, appeals after sentencing on charges of robbery first degree, § 569.020 RSMo 1994, and armed criminal action, § 571.015 RSMo 1994. We affirm a twenty-five year sentence on the charge of robbery first degree. The state agrees the trial court erred in overruling defendant's motion for judgment of acquittal on the charge of armed criminal action. Accordingly, the judgment on the charge of armed criminal action is reversed.

The state proved the defendant followed K.S. from a store. When K.S. prepared to unlock his car door, defendant and several of his companions approached him. Defendant held what appeared to be a nine millimeter pistol. He personally took beer, a pager, two check books, a wallet, and money and ran away. Other items were also taken by defendant's companions. Shortly after the robbery K.S. and some police officers located defendant and his friends in a nearby apartment building. K.S. identified defendant, identified the beer that was stolen from him and his keys. The "pistol" that was seized was a BB gun resembling nine millimeter pistol.

■ Defendant argues three claims of error pertinent to the robbery conviction. First, he argues insufficiency of evidence of a taking of items mentioned in the indictment from K.S. A person commits the crime of first degree robbery "when he forcibly steals property and in the course thereof he, or another participant in the crime, ... [d]isplays or threatens the use of *what appears to be* a deadly weapon or dangerous instrument." (Our emphasis). Section 569.020 RSMo 1994. K.S. testified defendant approached him with what appeared to be a 9mm pistol and announced "this is a stick-up." He also testified others were involved in the robbery. Of the items that were taken, defendant took from K.S.'s person, two check books, a wallet and money. Finally, K.S. testified that defendant was the "point man" for the robbery. The facts associated with the arrest also connected defendant with the robbery. The trial court did not err in overruling defendant's motion for judgment of acquittal on an allegation of insufficiency of proof. See *State v. Silvey*, 894 S.W.2d 662, 673 (Mo. banc 1995).

Second, defendant argues trial court error in failing to sustain an objection to the state's use of a peremptory strike of venireperson D.W. The prosecutor told the court,

She was struck because she was unemployed. I understand that sometimes the sheets are wrong, that's why I went back and questioned her, and I asked her what is her normal line of work and she responded AFDC.

It is the State's belief that people who do not have a steady job, have stable ties to the community and feel that they don't have anything at stake in the causes being

tried in our court's one of the things that I do is that I circle every single person who is unemployed. Had there been a similarly situated white or female juror separate, that person would have been struck as well, but that is the reason for Miss [W].

Defense counsel challenged the strike on the basis that it discriminated against poor persons. The trial court accepted the explanation as a legitimate, non-discriminatory basis for the strike. On appeal, defendant argues: (1) venirepersons have a right to be free from discrimination during jury selection, *Powers v. Ohio*, 499 U.S. 400, 409, 111 S.Ct. 1364, 1369, 113 L.Ed.2d 411 (1991), and defendant has a right to be tried by a jury not selected in the discriminatory manner, *Batson v. Kentucky*, 476 U.S. 79, 85–86, 106 S.Ct. 1712, 1717, 90 L.Ed.2d 69 (1986); (2) a peremptory strike based solely on gender was prohibited in *J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994). The explanation did not express an opinion based on gender, it was based on unemployment status. The state responded that poverty does not constitute a classification which warrants heightened scrutiny under an equal protection analysis as has been recognized in *Batson* for racial classifications and *J.E.B.* for gender based discrimination. The state contends that all that is required is a rational basis scrutiny because unemployment does not constitute the definition of a suspect class or denial of a fundamental right.

■■■ The explanation of the state for the peremptory strike was marital status, single, and unemployment. Neither race nor gender is implicated. We conclude that a determination to strike an unemployed single person does not involve a suspect class or heightened scrutiny. On a rational basis review, *Gregory v. Ashcroft*, 501 U.S. 452, 470, 111 S.Ct. 2395, 2406, 115 L.Ed.2d 410 (1991), we conclude the state's peremptory challenge was constitutionally permissible. See, *State v. Robinson*, 832 S.W.2d 941, 943–944 (Mo. App. E.D.1992); *State v. Bell*, 775 S.W.2d 341, 342 (Mo.App.1989); and, *State v. Williams*, 746 S.W.2d 148, 149 (Mo.App. 1988). Point denied.

Finally, defendant has a jurisdictional claim of error. At the time of the robbery, February 4, 1994, defendant was sixteen years of age. At a juvenile proceeding a deputy juvenile officer testified regarding defendant's prior referrals to the juvenile court, the pending charges, and defendant's status as a juvenile. He concluded defendant was beyond the rehabilitative care and treatment of the juvenile system. The juvenile court granted a dismissal of juvenile proceedings to permit prosecution under the general laws of the State of Missouri. Defendant's argument to this court is that the trial court erred in failing to dismiss the indictment or in the alternative, to remand for further juvenile proceedings because hearsay testimony was admitted in the juvenile proceeding and there was lack of evidentiary support for the conclusions of Officer Wilson, the deputy juvenile officer who was the only witness in the juvenile court.

■■■ Section 211.071 RSMo 1994 authorizes a juvenile court to dismiss juvenile proceedings and allow prosecution of a juvenile under the criminal law under prescribed circumstances. This section applies to children between the ages of fourteen and seventeen who are charged with offenses which would be felonies if committed by an adult, providing, the court determines, after a hearing, the juvenile is not "a proper subject" to be dealt with under the provisions of the juvenile code. The statute lists eight non-exclusive factors to be included in the report for the juvenile court. Section 211.071.6 RSMo 1994. An appellate review is limited to a determination of whether, in the totality of the circumstances, a juvenile court abused its discretion in a certification order. *State v. Simpson*, 836 S.W.2d 75, 81 (Mo.App. S.D. 1992). It appears that Officer Wilson's testimony, including hearsay, admitted without objection, was accepted or received in the juvenile court. Accordingly, it was probative in a case where defendant was represented by counsel but made no objection. We therefore hold no abuse of discretion in the certification process and no error in refusing to dismiss the charges against defendant as an adult.

We affirm the conviction and sentence on robbery first degree. The conviction and sentence for armed criminal action is reversed.

RHODES RUSSELL, P.J. and SIMON, J., concur.