**STATE of Missouri, Respondent,**

v.

**Andre YOUNG, Appellant.**

**Andre YOUNG, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 63628, 65149.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 1, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 8, 1994.

Application to Transfer Denied
Jan. 24, 1995.

Tamara Detloff, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary Moulton Bryan, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant, Andre Young, appeals after sentencing following a jury verdict of guilty. The jury found defendant guilty of involuntary manslaughter in violation of § 565.024 RSMo 1986. He was sentenced as a prior and persistent offender to a term of twenty years' imprisonment. Defendant then filed pro se and first amended motions pursuant to Rule 29.15, contending, among other things, his trial attorney was ineffective for not objecting to an instruction on voluntary intoxication, patterned after MAI–CR3d 310.50. The motion court denied defendant's motion without an evidentiary hearing.

In this consolidated appeal, defendant raises four points in an effort to obtain a new trial. They involve the admission of certain evidence, denial of his 29.15 motion concerning his trial counsel's failure to object to an instruction on voluntary intoxication and denial of an evidentiary hearing on such motion, and the submission of an instruction defining reasonable doubt. We affirm.

Viewed in the light most favorable to the verdict, the evidence adduced at trial was as follows. On the evening of August 24, 1991, a group of young men had gathered at defendant's home in South St. Louis. This group included defendant and his brother, Maurice Young; DeShan Marks and Rodney Sylvester (Syl) Marks, defendant's cousins; Monlito (Boo) Jones; Daryl Joyner; Alarsha Howard; Antonio Holmes; and David Jones. Members of this group were drinking alcoholic beverages throughout the evening. Daryl Joyner and Alarsha Howard lived in North St. Louis County, and at some point, the men decided to take them home. Maurice allowed the group to use his car, but he did not accompany them. Syl decided to follow along in a car that he had allegedly "rented" from its owner, in exchange for cocaine. The group split up between the cars, which were driven by Boo and Syl. They proceeded to North St. Louis County, and dropped Alarsha off.

Both cars then travelled along Duke Drive in North St. Louis County. The first car stopped suddenly, and the second car ran into it. The occupants of both cars got out and began shouting at each other. Boo accused a man who was walking down the street, later identified as Douglas Cupp, of causing the accident by jumping in front of

the first car. Members of the group surrounded Cupp and beat him severely. Antonio Holmes testified defendant was the first person to hit Cupp and that defendant hit Cupp in the face. Defendant admitted to police he had hit Cupp once in the face and kicked him once.

Cupp died on August 29, 1991. The primary cause of death was severe head injuries, with severe abdominal injuries as a contributing factor. The injuries indicated Cupp was struck with extensive force in the head and abdomen several times. He sustained numerous skull fractures, hemorrhaging and tearing of the brain, several fractured ribs, a tear to the left kidney, and a ruptured spleen.

On October 25, 1991, the State filed an indictment charging defendant and three of the other men with first-degree murder in violation of § 565.020.2 RSMo Supp.1991. The State then filed an information in lieu of indictment on February 1, 1993, amending the charge against defendant to second-degree murder in violation of § 565.021.1(1) RSMo 1986 and additionally charging defendant as a prior and persistent offender. The jury found defendant guilty of the lesser-included offense of involuntary manslaughter. The court found defendant to be a prior and persistent offender and sentenced him to twenty years' imprisonment.

In his first point on appeal, defendant claims the trial court plainly erred when it permitted the prosecutor to introduce evidence that Syl Marks "rented" one of the two cars by giving its owner cocaine and the men in one of the cars shouted "gang terms" to people on the street. He argues this evidence was irrelevant and highly prejudicial. Defendant concedes he did not properly preserve this point for appeal; therefore we review for plain error. Rule 30.20. Defendant must prove that an alleged error is of such magnitude that it constitutes plain error. *State v. Hunn*, 821 S.W.2d 866, 869 (Mo.App.E.D.1991). The assertion of plain error places a much greater burden on defendant than when he asserts prejudicial error. *Id.* A defendant must not only show that prejudicial error resulted, he must further show that the error so substantially affects his rights that manifest injustice or a miscarriage of justice will inexorably result if left uncorrected. *Id.*

To meet his burden, defendant claims the admission of the following evidence constitutes plain error. Antonio Holmes testified he was present when Syl rented one of the cars involved in the incident by paying the owner with cocaine. However, Syl denied he rented the car for cocaine and testified he gave the owner twenty dollars for the use of the vehicle. An audiotape was received into evidence in which defendant stated Syl and Antonio rented the vehicle for cocaine.

Kimberly Hudson, a witness to the assault, testified she first noticed the two cars when they drove past her on Duke Drive and the driver of the first car asked, "What's up blood?" When asked the meaning of this statement, Kimberly replied, "It's usually a gang—there is a gang called 'Bloods' and usually they—they usually say, 'What's up blood?', or somethin' like that if they're referrin' to another one." There was no evidence adduced that defendant was the one who made this statement. In fact, the witnesses consistently testified that Boo was driving the first car.

A trial judge has wide latitude in determining whether to admit or exclude evidence adduced by the parties at trial. *State v. Clark*, 711 S.W.2d 928, 932 (Mo.App.1986). Absent clear abuse, we will not interfere with the trial court's ruling on the admission or exclusion of evidence. *Id.* Defendant argues the admission of evidence that one of the cars was "rented" for cocaine and that members of the group shouted "gang terms" constituted evidence of other crimes that impermissibly prejudiced him. He does not argue relevance, except in the context of other crimes.

For the proposition that admission of the evidence of unrelated crimes is prejudicial unless it logically tends to prove a material fact in issue, defendant cites *State v. Williams*, 652 S.W.2d 102, 110 (Mo. banc 1983); *State v. Trimble*, 638 S.W.2d 726, 732 (Mo. banc 1982), *cert. denied*, 459 U.S. 1188, 103 S.Ct. 838, 74 L.Ed.2d 1031 (1983); and *State v. Burnfin*, 771 S.W.2d 908, 911 (Mo.

App.W.D.1989). These cases, however, are inapplicable to the case at bar, because they deal with unrelated crimes committed by the *defendant.* The alleged unrelated crime in this case was not attributed to defendant, but to Rodney Sylvester Marks, who purportedly rented one of the vehicles for some cocaine. Furthermore, the use of a "gang term" does not amount to a crime, but even if it did, the evidence was that Boo, and not defendant, yelled the "gang terms." The evidence was relevant to the facts the State was required to prove. Because these acts were not committed by defendant, the trial court did not commit plain error merely because this was evidence that did not prove the charged crime. Point denied.

In his second and third points on appeal, defendant argues the trial court clearly erred in denying his 29.15 motion without an evidentiary hearing, because he was denied his right to effective assistance of counsel in that trial counsel failed to object to the issuance of MAI–CR3d 310.50, the instruction on voluntary intoxication, and the record does not conclusively show he is not entitled to relief. To establish ineffective assistance of counsel, a movant must establish two separate elements: (1) his attorney failed to conform his representation to the degree of skill, care, and diligence of a reasonably competent attorney under similar circumstances, and (2) he was prejudiced thereby. *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). To satisfy the second prong, defendant must establish a reasonable probability that, but for the alleged errors of counsel, the result of his trial would have been different. *Id.* at 697, 104 S.Ct. at 2069–70. Before a movant is entitled to an evidentiary hearing, his motion must satisfy the following requirements: (1) it must allege facts, not conclusions, that would warrant relief if true, (2) the record must not refute those facts, and (3) the matters complained of must have prejudiced the movant. *State v. Flenoid,* 838 S.W.2d 462, 470 (Mo.App.E.D.1992).

Defendant asserts he is entitled to an evidentiary hearing, if not outright postconviction relief, because his trial counsel did not object to a jury instruction patterned after MAI–CR3d 310.50, which reads as follows: "In determining the defendant's guilt or innocence, you are instructed that an intoxicated condition from alcohol will not relieve a person of responsibility for his conduct." Defendant contends trial counsel was required to object to the submission of this instruction, because it was not warranted by the evidence. In support of this, defendant cites the Notes on Use for MAI–CR3d 310.50, which provide, "Even though there is evidence of consumption of alcohol or drugs, if there is no evidence from which ... impairment could be inferred, this instruction may not be given over the objection of the defendant." Notes on Use, paragraph 4.

In addition, defendant relies on *State v. Erwin,* 848 S.W.2d 476 (Mo. banc 1993), where our Supreme Court held that MAI–CR3d 310.50 created a presumption that an intoxicated person had the mental state necessary to be guilty of a crime, thereby relieving the State of its constitutional burden to prove all the elements of the offense charged beyond a reasonable doubt. *Id.* at 484. *Erwin* was decided on February 23, 1993. The Supreme Court directed that *Erwin* be applied only to "cases tried in the future and cases now subject to direct appeal *where the issue is preserved* [our emphasis]." *Id.* at 484. Here, the issue was not preserved by an objection that was held valid in *State v. Erwin* after the trial. We judge ineffectiveness of counsel at the time of the act or the failure to act. *Sanders v. State,* 738 S.W.2d 856, 858 (Mo. banc 1987). Here, this issue is not presented on direct appeal; it is a Rule 29.15 issue.

In the case at bar, there was no evidence that defendant was intoxicated at the time of the commission of the crime. The only evidence adduced was that members of the group had been consuming alcohol, and there was no evidence that their consumption had risen to the level of intoxication. We reject the claim of ineffective assistance on three grounds: (1) the objection to the submission of the instruction was not legally valid at the time of trial, (2) the subject matter of the instruction, defendant's intoxication, was not proven, and (3) there was no prejudice to defendant.

Defendant was charged with second-degree murder, but the jury found him guilty of

the lesser-included charge of involuntary manslaughter. By refusing to convict defendant of second-degree murder, which required it to find defendant acted "knowingly," § 565.021.1(1) RSMo 1986, and by convicting defendant of involuntary manslaughter, which required it to find defendant acted "recklessly," § 565.024 RSMo 1986, the jury indicated it did not improperly refer to the instruction as a presumption defendant had the necessary mental state by virtue of intoxication, but instead considered the evidence presented at trial. The instruction could not have prejudiced defendant. Consequently, trial counsel's failure to object to its submission and the motion court's denial of an evidentiary hearing on that issue was not error. Points two and three denied.

Defendant's final claim of error concerns the reasonable doubt instruction. This matter has been consistently rejected on the authority of *State v. Griffin*, 848 S.W.2d 464 (Mo. banc 1993).

We affirm.

AHRENS, P.J., and SIMON, J., concur.