

# Missouri Court of Appeals

## Southern District

### In Division

ANGALINE RYAN, )
)
      Appellant, )
) No. SD37272
      vs. )
) FILED: February 27, 2023
STATE OF MISSOURI, )
)
      Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF TEXAS COUNTY

Honorable John D. Beger, Judge

**AFFIRMED**

Angaline Ryan ("Movant") appeals the motion court's denial of her Rule 29.15 post-conviction relief ("PCR") motion, after an evidentiary hearing.[1] Movant raises two points on appeal (1) that the motion court clearly erred in denying her ineffective assistance of counsel claim ("IAC") because counsel was ineffective for failing to present certain DNA evidence, and (2) that the trial court committed a clerical error in entering her sentence. Finding her points to be without merit, we affirm.

### Factual and Procedural Background

On April 13, 2015, Movant's daughter-in-law ("Victim") was shot several times in

---

[1] All rule references are to Missouri Court Rules (2022), unless otherwise indicated.

Victim's driveway by a masked assailant. During the course of their investigation, police interviewed Movant and searched Movant's property where they found shell casings that matched the ones recovered at the scene of the shooting. Movant was charged with first-degree assault and armed criminal action. The jury found Movant guilty on each count and she was sentenced to life imprisonment on Count I, and 10 years' imprisonment on Count II with the sentences to run consecutively. Movant appealed her conviction to this court and we affirmed the trial court's judgment. *State v. Ryan*, 576 S.W.3d 326 (Mo.App. 2019).

On September 24, 2019, Movant timely filed her PCR motion. The original motion set forth five claims for relief, but Movant later withdrew four of the five claims. Movant's sole remaining IAC claim asserted trial counsel failed to present DNA evidence from a cigarette butt found at the scene of the crime. She argued trial counsel should have called Officer Justin Riley and Missouri State Highway Patrol Criminalist Jason Wyckoff to testify that the cigarette butt was likely left by the assailant and that it did not contain Movant's DNA.

An evidentiary hearing was held on Movant's PCR motion on May 6, 2021. Officer Riley and Criminalist Wyckoff both testified at the hearing. Officer Riley stated he and other officers collected cigarette butts at the scene of the shooting, and that they "believed it was possible" the butts were left by the assailant. He also testified there was matted grass where the butts were retrieved, indicating someone may have been standing there. Criminalist Wyckoff testified that he was a DNA criminalist supervisor with the Missouri State Highway Patrol Crime Laboratory. His report, which showed that Movant was not the source of the DNA on the cigarette butt in question, was admitted into evidence.[2]

---

[2] A second cigarette butt was collected at the scene of the crime and analyzed by Criminalist Wyckoff, but no DNA was detected.

Movant was represented at trial by Daniel Moore and Devin Kirby. Kirby testified at the PCR motion hearing and stated he knew police found cigarette butts at the scene of the shooting and that they believed it was a possibility the butts were left by the assailant. He further stated he was aware that no DNA from Movant was found on the butts. Kirby testified he and Moore did not question Officer Riley about the cigarette butts at trial because they had no way of knowing when the butts were left on the ground or who put them there. Additionally, Kirby testified he and Moore were concerned that introducing expert testimony regarding DNA evidence could counteract their strategy of discrediting the State's expert testimony regarding the evidence from the shell casings. Kirby stated, "we didn't have a time frame or a timeline … when the cigarette butts were placed or by who. And so the risk outweighed the benefit of going down that pathway."

Moore was unavailable to testify at the PCR motion hearing, but his deposition was entered into evidence. He also remembered that police discovered the cigarette butts, but he could not recall "any evidence that the cigarette butts were left by the assailant." Like Kirby, Moore testified that they were hesitant to offer scientific evidence when "the whole basis of the trial" was to attack the credibility of the ballistics evidence. In addition, Moore stated they worried that presenting this evidence would make the jury believe that Movant was "taking on some type of burden to prove who did it," which was contrary to their defense strategy.

The motion court issued a judgment rejecting Movant's assertions and denied Movant's IAC claim. The motion court found that Movant "has not shown either appellate or trial counsel's performance was deficient or a reasonable probability that, but for counsel's errors, the results would have been different." The court determined the evidence offered by Movant that the cigarette butts were left by the assailant was "speculative at best." For this reason, the court

3

concluded Movant's counsel made "a reasonable strategic decision" not to call Officer Riley or Criminalist Wyckoff to testify.

Movant timely appeals the motion court's judgment.

**Discussion**

*Point I*

In order to prevail on a post-conviction motion alleging ineffective assistance of counsel, a movant must overcome a strong presumption of competence and demonstrate, by a preponderance of the evidence, that (1) counsel did not exercise the customary skill and diligence that a reasonably competent attorney would have exercised under the same or similar circumstances, and (2) counsel's failure to exercise such skill and diligence prejudiced the movant in some way. *Strickland v. Washington*, 466 U.S. 668, 687, 689 (1984); *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

To satisfy the performance prong of the Strickland test, a movant "must identify specific acts or omissions of counsel that resulted from unreasonable professional judgment[,]" which the motion court must find are outside the range of competent assistance. *Peterson v. State*, 149 S.W.3d 583, 585 (Mo.App. 2004). In identifying such acts or omissions of counsel, the movant "must overcome the presumptions that any challenged action was sound trial strategy and that counsel rendered adequate assistance and made all significant decisions in the exercise of professional judgment." *State v. Simmons*, 955 S.W.2d 729, 746 (Mo. banc 1997). As relevant here, "[r]easonable choices of trial strategy, no matter how ill-fated they appear in hindsight, cannot serve as a basis for a claim of ineffective assistance." *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006). "'The selection of witnesses and evidence are matters of trial strategy, virtually unchallengeable in an ineffective assistance claim.'" *Johnson v. State*, 388 S.W.3d

4

159, 165 (Mo. banc 2012) (quoting *Vaca v. State*, 314 S.W.3d 331, 335 (Mo. banc 2010)). "It is not ineffective assistance of counsel to pursue one reasonable trial strategy to the exclusion of another reasonable trial strategy." *Anderson*, 196 S.W.3d at 33.

In order to demonstrate the requisite prejudice, a movant must show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. *Strickland* defines "a reasonable probability" as "a probability sufficient to undermine confidence in the outcome." *Id.*

In Movant's first point relied on and supporting argument, Movant contends the motion court erred in denying her IAC claim. Movant asserts the motion court should have granted her IAC claim because trial counsel failed to present DNA evidence from the cigarette butts found at the scene of the crime.

The record shows that Movant's trial counsel made reasonable choices of trial strategy regarding the DNA evidence from the cigarette butts. Both Kirby and Moore testified their strategy was to discredit the State's ballistics expert testimony as "junk science," and they worried that presenting their own scientific expert testimony would undermine this strategy. While some may disagree with this approach, counsel made a calculated decision and we cannot conclude that it was unreasonable to question whether a jury would be able to trust one piece of scientific evidence while rejecting the veracity of another. Therefore, counsel's performance was not deficient and Movant fails to satisfy the first *Strickland* prong.

Additionally, the motion court correctly found that "the evidence the cigarette butts were left by the assailant [was] speculative at best." The only evidence connecting the assailant with the cigarette butts was Officer Riley's testimony that he and the other officers "believed it was possible" the butts were left by the assailant. Because of this speculative connection, the DNA

evidence would not have clearly exonerated Movant had it been presented at trial. Movant has not shown a reasonable probability that the DNA evidence would have changed the outcome of her trial, and she therefore fails to satisfy the second *Strickland* prong. Because Movant has not satisfied either prong required to prove her IAC claim under *Strickland*, the motion court did not clearly err by denying Movant's PCR motion. Point I is denied.

*Point II*

In her second point, Movant alleges the trial court committed a clerical error when it entered its judgment and sentence. Movant argues that "the 99-year sentence recited in the written judgment is materially different from the trial court's oral pronouncement of [Movant's] sentence as 'life.'" Movant requests a remand and order to the trial court to amend the written judgment by a *nunc pro tunc* order.

Movant's PCR motion makes no mention of a clerical error in the judgment. Her sole PCR claim was addressed in Point I. "In actions under Rule 29.15, any allegations or issues that are not raised in the Rule 29.15 motion are waived on appeal." *McLaughlin v. State*, 378 S.W.3d 328, 340 (Mo. banc 2012) (quoting *Johnson v. State*, 333 S.W.3d 459, 471 (Mo. banc 2011) (internal quotation marks omitted)). Additionally, "there is no plain error review in appeals from post-conviction judgments for claims that were not presented in the post-conviction motion." *Id.* Because Movant did not raise this point in her PCR motion, her claim is waived on appeal. Point II is denied.

The motion court's judgment is affirmed.

BECKY J. W. BORTHWICK, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCURS

GINGER K. GOOCH, J. – CONCURS

6